## 64812. MAPLES v. SEELIGER.

CARLEY, Judge.

Appellant-attorney appeals from an order holding him in contempt of court.

1. Appellant was representing a client in the trial of a criminal case. The jury returned a guilty verdict and the case proceeded to the sentencing stage. After the judge imposed sentence on appellant's client, the jury was excused. At that point, the judge stated that there was "another matter to take up." Apparently, only then did the trial judge indicate, for the first time, that he had found certain conduct of appellant during the course of the preceding trial to be contumacious. The judge stated: "All right, Mr. Maples, the last comment that you made during your closing argument was . . . the statement that you made, if I recall correctly, was that, 'this clearly shows the bent of the Court during the entire proceedings of this court,' clearly indicating that the Court has shown prejudice. It was a statement designed to bring disrespect upon the Court, during the court proceeding. The tone of voice was contumacious, and the manner in which it was made was contumacious. It is indeed an insult to the Court. And I'm finding you in contempt of Court. I sentence you to twenty-four hours in the DeKalb County Jail."

Appellant requested that he be afforded a hearing on the question of his contempt and then also requested that another judge determine the issue. However, without any further delay, the judge denied appellant's motions and directed the deputy to take him away.

Subsequently, the trial judge entered a written order containing the following: "It appearing during the course of [the] trial, during the sentencing phase, [appellant] made a statement indicating that the Court had been prejudiced against his client during the entire trial, said allegations being of no basis in fact or law; that these comments were made in a tone of voice, and insulting demeanor, showing clear disrespect toward the Court and its authority, and therefore clearly contemptuous and done in the presence of the Court, the Court finds said [appellant] in contempt of the Court." Also, the written order modified appellant's sentence to twelve hours to be served in the county jail.

"We are not concerned here with the trial judge's power, for the purpose of maintaining order in the courtroom, to punish summarily and without notice or hearing contemptuous conduct committed in his presence and observed by him. [Cit.] The usual justification of necessity, [cit.], is not nearly so cogent when final adjudication and sentence are postponed until after trial." Taylor v. Hayes, 418 U. S.

488, 497, (94 SC 2697, 41 LE2d 897) (1974). Compare *Spruell v. State,* 148 Ga. App. 99 (250 SE2d 807) (1978). " 'Before an attorney is finally adjudicated in contempt and sentenced after trial for conduct during trial, he should have reasonable notice of the specific charges and opportunity to be heard in his own behalf. This is not to say, however, that a full-scale trial is appropriate. Usually the events have occurred before the judge's own eyes, and a reporter's transcript is available. But the contemnor might at least urge, for example, that the behavior at issue was not contempt but the acceptable conduct of an attorney representing his client; or he might present matters in mitigation or otherwise attempt to make amends with the court.' [Cit.]" *Dowdy v. Palmour,* 164 Ga. App. 804 (298 SE2d 521) (1982).

The due process guaranties of reasonable notice and an opportunity to be heard in one's own defense were denied to appellant in this case. The unfairness inherent in the failure to satisfy these fundamental procedural requirements is clearly demonstrated here. The trial court originally informed appellant that it was a statement he had made during closing argument that was found to be contumacious. The trial court merely paraphrased the statement and did not have the court reporter read it back. However, in the trial court's written order, appellant's contemptuous remark was cited as having been made during the sentencing phase of the trial. It is possible that what the trial court intended to convey in his original oral adjudication of contempt was that what he found contumacious was a statement in appellant's final argument to the court during the sentencing phase and not a comment during closing argument to the jury. It is clear, however, that, contrary to the subsequent written order, the trial court summarily informed appellant only that it was a paraphrased portion of his "closing argument" that was contemptuous and that appellant was never given adequate notice of the specific basis for his contempt citation or an opportunity to respond thereto. Compare *Dowdy,* 164 Ga. App. 804, supra. Under the circumstances, appellant was "entitled to more of a hearing and notice than he received prior to final conviction and sentence." Taylor v. Hayes, supra at 496. "Due process cannot be measured in minutes and hours or dollars and cents. For the accused contemnor facing a jail sentence, his 'liberty is valuable and must be seen as within the protection of the Fourteenth Amendment. Its termination calls for some orderly process, however informal.' [Cit.] Because these minimum requirements of due process of law were not extended to [appellant] in this case, the contempt judgment must be set aside." Taylor v. Hayes, supra at 500.

2. Appellant further asserts that, in addition to denying him an opportunity to be heard, the trial court erred in failing to submit the

issue of appellant's contempt to another judge for final adjudication. " 'It is, of course, not every attack on a judge that disqualifies him from sitting. A lawyer's challenge, though disruptive, recalcitrant and disagreeable, still may not be that insulting attack upon the integrity of the judge carrying such potential for bias as to require disqualification.' [Cit.] Our examination of the dialogue between court and counsel reflects a lack of that degree of scurrilousness raising a suspicion of bias or presence of strong feeling on the part of the trial court." *Dowdy,* 164 Ga. App. 804, supra. Compare Taylor v. Hayes, supra. Accordingly, while it was error to fail to allow appellant to be heard on the issue of his contempt, the trial court did not err in refusing to disqualify himself from sitting in final judgment of that issue.

3. Reversal of the instant case for the reasons discussed in Division 1 renders it unnecessary to address the issue of whether the trial court's written order adjudging appellant in contempt was void due to vagueness. See generally *Garland v. State,* 99 Ga. App. 826 (110 SE2d 143) (1959). If pursuant to this opinion, however, proceedings otherwise comporting with the minimum requirements of due process are held and appellant is thereafter readjudicated as having been in contempt, the trial court is directed to enter an order which sets "forth fully and clearly the facts found and conclusions of law upon which the order is based. [Cit.]" *Spruell v. State,* 145 Ga. App. 720, 721 (244 SE2d 636) (1978).

*Judgment reversed with direction. Quillian, P. J., concurs. Shulman, C. J., concurs specially.*

DECIDED JANUARY 26, 1983.

*David R. Rogers,* for appellant.
*Robert E. Wilson, District Attorney, George P. Dillard, Gail C. Flake,* for appellee.

SHULMAN, Chief Judge, concurring specially.

I agree completely with Judge Carley's opinion in this case and find that the facts are totally dissimilar to *Dowdy v. Palmour,* 164 Ga. App. 804 (298 SE2d 521) (1982). In the instant case, the trial court sentenced for contempt without having accorded the contemnor notice of a hearing or even the semblance of a hearing. In fact, he was sentenced summarily and without the benefit of the right to present anything in mitigation.