### A01A2125. IN RE SHOOK.
(563 SE2d 435)

SMITH, Presiding Judge.

Mitchell M. Shook, an attorney, appeals from the judgment finding him in contempt of court. Shook contends the trial court erred in holding him in contempt without having referred the matter to another judge. Shook's entire argument is based upon his contention that he was held in "indirect" contempt. We disagree with this characterization, and, finding no error, we affirm.

The facts surrounding Shook's being held in contempt are set forth in detail in *Slater v. State*, 251 Ga. App. 620 (555 SE2d 8) (2001). For purposes of this appeal, it is sufficient to note that Shook announced "ready" for a bench trial in a criminal trial in which he represented the accused. Before the case was called, Shook had been given a written waiver of jury trial, and he led the court to believe a jury trial was being waived. After the court found his client guilty and imposed a sentence, Shook asserted that his client had not waived a jury trial in writing, and the court then instructed Shook to have a seat in the courtroom with his client, specifically telling Shook he would have an opportunity to go before a jury. Id. The court then turned to other matters. Shook asked if it was a "jury time," and the court responded: "This will be." Shook tried to inquire when the jury would come in, and the trial court again assured him he would have the opportunity to go before a jury. Approximately one and one-half hours later, the trial court learned that both Shook and his client had left the courtroom, in direct contravention of the court's instruction. In fact, later that day, at a hearing on the issue of contempt, Shook admitted he had deliberately not executed the jury trial waiver so that his client could have a second chance if he was dissatisfied with the court's disposition of the case at a bench trial. Shook also admitted that he "absolutely" did not remain in the courtroom after being told to do so, because he believed the court had "absolutely no right" to tell him to remain.

These actions on Shook's part amounted to contempt. Acts of contempt "are either direct, meaning they are committed within the sensory perception of the judge, or they are indirect, meaning they occur outside the sensory perception of the judge." *Grantham v. Universal Tax Systems*, 217 Ga. App. 676, 677 (2) (458 SE2d 870) (1995). Clearly, Shook's action in leaving the courtroom occurred within the sensory perception of the trial court. It was therefore a direct contempt.

As such, Shook was not even entitled to a hearing as a matter of right. *Martin v. Waters*, 151 Ga. App. 149, 150 (1) (259 SE2d 153) (1979). And, although recusal of the judge involved in the contumacious conduct "may be required in some contempt proceedings, this requirement generally does not apply in cases of direct contempt. [Cit.]" *Barlow v. State*, 237 Ga. App. 152, 157 (3) (513 SE2d 273) (1999).

Shook wilfully disobeyed the court's lawful instruction to remain in the courtroom. Whether he believed he was justified in doing so is irrelevant. He disregarded the court's command, and in doing so he "disrupted court proceedings and interfered with the orderly administration of justice." (Citations and punctuation omitted.) *Barlow*, supra at 157 (4). The trial court did not err in finding him in direct contempt.

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED JANUARY 24, 2002 —
RECONSIDERATION DENIED APRIL 3, 2002 —

*Jason A. Craig*, for appellant.
*Mitchell M. Shook*, pro se.
*J. Franklin Edenfield, Solicitor-General*, for appellee.