A02A1588. JOHNSON v. THE STATE.
A02A1589. IN RE LITTLE.
(572 SE2d 669)

MILLER, Judge.

These two appeals stem from the events surrounding the criminal jury trial of Curtis Johnson. In Case No. A02A1588, Johnson appeals from the denial of his motion to dismiss on grounds of double jeopardy following the trial court's sua sponte declaration of a mistrial in his first trial. In Case No. A02A1589, Johnson's attorney appeals from the trial court's order finding her in contempt of court for her in-court actions that prompted the trial judge to declare a mistrial. Since we find that the trial court improperly declared a mistrial, we reverse the judgment in Case No. A02A1588. Since the evidence was sufficient for a rational trier of fact to find Johnson's attorney guilty of direct criminal contempt beyond a reasonable doubt, we affirm the judgment in Case No. A02A1589.

The relevant facts of record reveal that during Johnson's trial, Johnson's attorney early on interrupted the judge on several occasions. Despite being warned to stop interrupting the judge, the attorney continued to do so. In addition, during a heated exchange with the prosecutor, Johnson's attorney called the prosecutor "an absolute liar" in front of the jury.

Fearing that Johnson was no longer able to receive a fair trial based on his attorney's unprofessional conduct, the trial judge, sua sponte, declared a mistrial. The State raised no objection to the mistrial, but Johnson objected, indicating a desire for the trial to continue. The judge overruled Johnson's objection. Johnson's attorney later filed a motion to dismiss on grounds of double jeopardy, and this motion was denied.

Two weeks after the trial judge declared the mistrial in court, the court filed a written order declaring the mistrial and also filed an order requesting that Johnson's attorney show cause why she should not be held in contempt for her actions that prompted the mistrial.

During the two weeks following the in-court declaration of the mistrial, the trial court interviewed jurors regarding their reactions to Johnson's attorney at trial, and the transcript of the interviews was filed under seal. The transcript, however, does not clearly reveal that the jurors would have been unable to fairly decide Johnson's case in light of his attorney's conduct. The contempt hearing was set before a different judge from the one who presided over the trial, as the trial judge recused himself to avoid the appearance of partiality.

At the contempt hearing, the State offered the trial transcript and testimony from the trial judge as evidence to support a finding of contempt. After Johnson's attorney was given an opportunity to present her defense, the presiding judge ruled that the evidence supported at least three findings of criminal contempt against the attorney for her: (1) repeated interruptions of the court despite instructions to cease, (2) questioning the honesty of the district attorney, and (3) directing snide and disrespectful comments to the court. The court sentenced Johnson's attorney to three consecutive terms of twenty days in jail and three fines of $500, for each of the three findings of contempt. In the alternative, the court ordered that Johnson's attorney could purge herself of the contempt by serving five days in jail, paying the total $1,500 fine within thirty days, paying an additional $600 to reimburse the County for the cost of impaneling the jurors, and apologizing in open court to the district attorney and the judges of the circuit.

Johnson appeals from the denial of his motion to dismiss on grounds of double jeopardy, and his attorney appeals from the three findings of contempt against her.

### Case No. A02A1588

1. Johnson argues that the trial court erred in denying his motion to dismiss his case on grounds of double jeopardy. He contends that the court improperly declared a mistrial in his first trial. We agree.

"No person shall be put in jeopardy of life or liberty more than once for the same offense except when a new trial has been granted after conviction or in case of mistrial." Ga. Const. of 1983, Art. I, Sec. I, Par. XVIII. Double jeopardy "does not bar retrial of a criminal defendant following declaration of a mistrial over his objection where there is 'manifest necessity' for declaration of the mistrial or the 'ends of public justice' would be defeated by allowing the trial to continue." (Citations and punctuation omitted.) *Jackson v. State*, 226 Ga. App. 256, 257 (485 SE2d 832) (1997). Thus, a mistrial could properly be declared where "it is impossible to proceed with trial without injustice to the defendant, independent of the defendant's consent or

lack of consent." *State v. Abdi*, 162 Ga. App. 20, 22 (288 SE2d 772), aff'd, *Abdi v. State*, 249 Ga. 827 (294 SE2d 506) (1982); see also OCGA § 16-1-8 (e) (2). However, outside of such extreme circumstances, "the defendant has a right to be tried once and for all for the offense, and . . . consequently where a mistrial is granted because of *prejudice caused to the defendant*, the defendant has the right to object to a mistrial (and thus insist on this trial) despite any such prejudice to himself. . . ." (Emphasis in original.) *Abdi*, supra, 162 Ga. App. at 21.

Here, the trial court "declared a mistrial based on a pattern of abrasive, unprofessional and disrespectful conduct by defense counsel, . . . which had alienated and upset the jury to the extent that the *defendant* could not receive a fair trial." (Emphasis supplied.) However, the record does not clearly reveal that the jurors would have been unable to fairly decide Johnson's case in light of his attorney's conduct. The trial court indicated that it was not declaring a mistrial based on prejudice to the *State*, and, in any event, the State failed in its responsibility to raise any objection to the mistrial. It is incumbent upon the State to be aware of the consequences of an improper declaration of a mistrial that would prevent the State from trying the defendant again on grounds of double jeopardy.

While the trial court may have believed that Johnson's counsel's actions caused prejudice to Johnson, this does not overshadow Johnson's right to be tried once for the offense for which he was charged. Johnson objected to the mistrial, indicating a desire for the trial to continue, and counsel's unprofessional conduct, even if contumacious, did not present a situation where it was impossible for the trial to proceed. Cf. *Foody v. State*, 205 Ga. App. 666, 667-668 (423 SE2d 423) (1992) (where other alternatives were available, trial court erred in declaring mistrial, sua sponte, after finding defense attorney in contempt). We hold that a mistrial was improperly declared, and we therefore reverse the judgment of the trial court denying Johnson's motion to dismiss on grounds of double jeopardy.

### Case No. A02A1589

2. Johnson's counsel contends that the trial court erred in finding her in criminal contempt for her in-court actions during Johnson's trial. She argues that (a) the evidence was insufficient to support the trial court's three findings of contempt, (b) the trial court violated her due process rights by failing to give her proper notice of the contempt charges against her, and (c) the sentence imposed for the three counts of contempt was excessive. We find these contentions to be without merit.

(a) On appeal from a conviction of criminal contempt, we review the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Barlow v. State*, 237 Ga. App. 152, 157 (4) (513 SE2d 273) (1999). "Contempt of court has been variously defined; in its broad sense it means disregard for or disobedience of the order or command of the court, but it also includes the interruption of the proceedings." (Citations and punctuation omitted.) *In re Bergin*, 178 Ga. App. 454, 455 (343 SE2d 743) (1986). Every court has the power "[t]o preserve and enforce order in its immediate presence and, as near thereto as is necessary, to prevent interruption, disturbance, or hindrance to its proceedings." OCGA § 15-1-3 (1).

The trial court was authorized to find counsel in contempt for her repeated interruptions of the court despite warnings that she should cease such interruptions, and due to her snide remarks directed at the court. See *Farmer v. Holton*, 146 Ga. App. 102, 109 (5) (245 SE2d 457) (1978) (two counts of criminal contempt upheld where counsel repeatedly interrupted the court and made insulting comments directed at the court), overruled on other grounds, *In re Crane*, 253 Ga. 667, 669-670 (2) (324 SE2d 443) (1985). In addition, counsel's unprofessional behavior in calling the prosecutor "an absolute liar" in front of the jury could authorize a further finding of contempt. See *In re Gouge*, 206 Ga. App. 462, 463-464 (1) (425 SE2d 882) (1992) (attorney who insulted prosecutor and asked him to "take it outside" properly held in criminal contempt, and "the fact that the statement [was] directed toward another party rather than toward the judge [did] not preclude the statement from providing the basis for a judgment of contempt"). The evidence was sufficient to support the three findings of criminal contempt.

(b) Since counsel's contumacious conduct occurred directly in front of the judge, she was in direct criminal contempt of court. *In re Shook*, 254 Ga. App. 706, 707 (563 SE2d 435) (2002). As such, she "was not even entitled to a hearing as a matter of right." (Citation omitted.) Id. Nor was she entitled to any additional notice, as due process is satisfied in a case of direct criminal contempt by simply giving counsel an opportunity to speak on her own behalf. See *Dowdy v. Palmour*, 251 Ga. 135, 141-142 (2) (b) (304 SE2d 52) (1983). Counsel's argument to the contrary is without merit.

(c) We also find no merit to counsel's argument that the sentence imposed for the three counts of criminal contempt was excessive. Pursuant to OCGA § 15-6-8 (5), a trial court has the power to "punish contempt by fines not exceeding $500.00 and by imprisonment not exceeding 20 days." "The penalties provided in § 15-6-8 (5) are applicable, however, to each separate act found by the trial court to be

contemptuous." (Citation omitted.) *Gay v. Gay*, 268 Ga. 106 (1) (485 SE2d 187) (1997). Since the evidence supported three separate acts of contempt, the trial court did not err by imposing a 20-day sentence and a $500 fine for each separate count.

*Judgment reversed in Case No. A02A1588. Judgment affirmed in Case No. A02A1589. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED OCTOBER 2, 2002 —
RECONSIDERATION DENIED OCTOBER 17, 2002 

*Victoria D. Little*, for appellant (case no. A02A1588).

*W. Michael Maloof, Louise T. Hornsby*, for appellant (case no. A02A1589).

*W. Kendall Wynne, Jr., District Attorney, Jeffrey L. Foster, Assistant District Attorney*, for appellee.