## A03A1081. IN RE HOLT.
(586 SE2d 414)

ELDRIDGE, Judge.

Greg W. Holt, an attorney, appeals the judgment of contempt entered against him when he failed to appear for trial on September 9 and 10, 2002, in Jones County Superior Court, for the case of State v. Ken Bishop, Case No. 2002-CR-18026 ("Bishop case"). Holt alleges that the evidence was insufficient to support the trial court's finding of contempt and that the punishment imposed was excessive. We find Holt's arguments without merit and affirm.

Viewed in the light most favorable to the prosecution, the Bishop case appeared on the September 9, 2002 trial calendar in the Superior Court of Jones County before the Honorable Hulane E. George. Subsequently, during the week of September 2, 2002, Holt received notice that several criminal cases for which he was attorney of record were scheduled for motion hearings in the State Court of Houston County on September 9, 10, and 11, 2002, before the Honorable Bob Richardson. Holt requested that the Houston County Solicitor-General reset the motions set for Monday morning, September 9, 2002, to the afternoon to allow him to appear in the Superior Court of Jones County for what he anticipated to be a plea in the Bishop case. The solicitor-general denied his request.

Holt faxed a conflict letter to Judge George in Jones County Superior Court. In such conflict letter he stated he would appear first in the Houston County State Court unless directed otherwise. However, this conflict letter was not faxed until 4:07 p.m. on September 6, 2002, the Friday before the Monday, September 9, 2002 calendar. On Monday, September 9, 2002, without contacting Judge George's office, Holt appeared in Houston County State Court for the motion

---

[12] Id. at 485-486.

hearings. Around midday, Holt was informed by his office that Judge George's office had called, directing him to appear in her court. Judge George stated on the record that her office informed Holt's secretary that if Holt could not be in her court on Monday, he should be there Tuesday morning and that, if he failed to appear, he would be held in contempt.

Holt did not return the telephone call from Judge George's office. Instead, Holt reported to Judge Richardson that he had a conflict and that he needed to appear before Judge George for a client to enter a guilty plea. Judge Richardson informed Holt that the Houston County State Court criminal motions took priority over the criminal plea in the Jones County Superior Court under the Uniform Conflict Rules applicable to state and superior courts. Holt did not inform Judge George's office of Judge Richardson's decision or that he anticipated that Bishop would enter a plea. Instead, he faxed another conflict letter to Judge George's office for Tuesday, September 10, 2002, stating that he would appear in Houston County State Court unless directed otherwise. This conflict letter was not faxed to Judge George's office until 5:00 p.m. on Monday afternoon. The Bishop case was the only case left for trial on Tuesday, and jurors had already been summoned to appear on Tuesday for jury selection. Moreover, Holt testified that prior to September 9, 2002, he had been unable to locate Bishop; that all his mail correspondence to Bishop had been returned; and that his secretary was unable to find Bishop on Monday to tell him to appear for trial. *Held*:

1. Holt argues that the evidence was insufficient to find him guilty beyond a reasonable doubt of criminal contempt because (1) he sent two notices of conflict to the Jones County Superior Court, and (2) the Houston County State Court Judge ordered him to appear before that court finding it had priority. We disagree under the facts of this case.

The appropriate standard of appellate review on appeal of a criminal contempt conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citations and punctuation omitted; emphasis in original.) *In re Gouge*, 206 Ga. App. 462, 463 (1) (425 SE2d 882) (1992); see *In re Healy*, 241 Ga. App. 266, 268 (526 SE2d 616) (1999); *In re Washburn*, 219 Ga. App. 428, 429 (465 SE2d 459) (1995). "Criminal contempt is that which involves some disrespectful or contumacious conduct toward the court. Contempt of court has been variously defined; in its broad sense it means disregard for or disobedience of the order or command of the court." (Citations and punctuation omitted.) *In re Gouge*, supra.

(a) Holt failed to comply with the Uniform Superior and State Court Rules for resolution of conflicts. Uniform Superior Court Rule 17.1 (B) provides, in relevant part, that when an attorney is scheduled "for a day certain" by trial calendar to appear in two or more courts, he shall give *prompt* written notice of the conflict to the court clerk, opposing counsel, and the judge. The rule further provides that the attorney is expected to give written notice such that it will be received at least seven days before the conflict date. This rule for conflict resolution is also applicable to state courts. See Uniform State Court Rule 1. Here, Holt failed to give written notice seven days before the conflict date. Even if Holt did not have seven days notice of the conflict, we find that written notice of conflict given at 4:07 p.m. on the Friday before the Monday calendar call and at 5:00 p.m. on Monday afternoon for Tuesday morning is not "prompt" as required for the Uniform Rules and is insufficient.

(b) Further, after Judge George's office directed Holt to appear no later than Tuesday morning or he would be held in contempt, Holt did not telephone Judge George's office to attempt to resolve his conflict. In bringing the conflict to Judge Richardson's attention, Holt failed to tell Judge Richardson that the matter he had before Judge George was on a trial calendar for which jurors had been summoned. Additionally, sending a conflict letter at 5:00 p.m. on Monday evening did not inform Judge George of Judge Richardson's decision that his motion calendar took precedence and was totally insufficient in light of Judge George's demand that Holt appear in her court for trial. Moreover, the fact that Holt could not find his client raises an inference that Holt, in order to gain more time to locate his client, was trying to avoid appearing in Judge George's courtroom. Therefore, the evidence, when viewed in the light most favorable to the prosecution, was sufficient for a rational trier of fact to find the essential elements of criminal contempt beyond a reasonable doubt.

2. Without alleging that his sentence exceeded that authorized by law, Holt argues that the punishment imposed was excessive under the facts of this case.[1] The trial court sentenced Holt to a $500 fine or in the alternative, if he chose not to pay the fine, to spend one weekend in jail, from 9:00 a.m. Saturday until 9:00 a.m. the following Monday. In addition, the trial court's sentence required Holt to complete 25 hours of community service.

In this case, Holt failed to properly communicate his conflict to Judge George in a timely and meaningful manner; failed to communicate his inability to locate his client or that he anticipated that his

---

[1] Pursuant to OCGA § 15-6-8 (5), the superior courts have authority to "punish contempt by fines not exceeding $500.00 and by imprisonment not exceeding 20 days."

client would enter a guilty plea thereby negating the necessity for jurors; failed to return telephone calls from Judge George's office; and ignored Judge George's order to appear in her court no later than Tuesday morning or he would be held in contempt. Moreover, Holt's actions cost the county jury service fees for the 100 jurors summoned especially for the trial of Holt's case. Under the facts of this case, we do not find the trial court's sentence excessive.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED AUGUST 13, 2003.

*Laurens C. Lee*, for appellant.
*Gregory W. Holt*, pro se.
*Fredric D. Bright, District Attorney*, for appellee.