## A04A1189. IN RE HERRING.

### (601 SE2d 839)

ELDRIDGE, Judge.

Attorney Timothy T. Herring appeals from an order of the Superior Court of Gwinnett County finding him summarily in criminal contempt of court for contumacious behavior in the presence of the court and fining him $250. In addition, Herring has filed a motion to strike "the appearance and brief" of the superior court judge, who made a qualified appearance before this Court requesting clarification as to his duties in a contempt appeal and also filed a "Brief of Appellee" in order to forestall the wrongful discharge of his potential appellate obligations prior to receipt of such clarification. We find as follows.

1. Contumacious conduct occurring directly in front of the judge is punishable as direct criminal contempt of court.[1] Appellate review of such finding is based solely upon the facts of record; on review, this Court determines whether, after reviewing the evidence in the light most favorable to the prosecutor, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.[2] The judge before whom the allegedly contemptuous conduct occurred is not a "party" to appellate review of a contempt finding, as is reflected in the style of a contempt case before this Court, i.e., "*In re*" and the name of the alleged contemnor. Accordingly, no appellate appearance by the court below is authorized. In this case, the superior court judge's qualified appearance is hereby stricken, as is the "Brief of Appellee" filed in relation thereto. The resolution of the instant case will proceed on the basis of the facts of record viewed to support the findings of fact and conclusions of law contained in the order of contempt issued below.

2. Contempt of court, in its broad sense, means disregard for or disobedience of the order or command of the court; this also includes the interruption of court proceedings.[3] Every court has the power "[t]o preserve and enforce order in its immediate presence and, as near thereto as is necessary, to prevent interruption, disturbance, or

---

[1] *In re Shook*, 254 Ga. App. 706 (563 SE2d 435) (2002).

[2] See *In re Irvin*, 254 Ga. 251, 254, 256 (2) (328 SE2d 215) (1985).

[3] *In re Bergin*, 178 Ga. App. 454, 455 (343 SE2d 743) (1986).

hindrance to its proceedings."[4]

In this case, the evidence of record viewed to support the conclusions below shows that Herring failed to appear at the 9:15 a.m. call of his client's case in Gwinnett Superior Court; he failed to file a conflict letter with regard thereto; he failed to notify the court of his unavailability; he failed to notify his client that he would not be in court; after being haled into court to explain his conduct, he failed to acknowledge to the court that he had not complied with Uniform Superior Court Rule 17.1 (B) regarding notification of conflicts and had, thus, inconvenienced both the court and his client; and, lastly, he argued to the court that, under Rule 17.1 (B), he did not have to file a conflict letter, because his court cases scheduled in Walton, Gwinnett, and Fulton Counties were set for 8:30 a.m., 9:15 a.m., and 10:00 a.m., respectively, and "[t]he Rule says if you have court *at the same time*, you have a conflict."[5] After Herring had been afforded an opportunity to speak in his own behalf, the trial court found him in contempt and imposed a fine. Thereafter, in its written order, the trial court expressly found that Herring's failure to file a conflict notice delayed, interrupted, and hindered its proceedings. The court further found that Herring's Rule 17.1 (B) argument was disingenuous and contumacious and that Herring was "disrespectful of the Court in his tone and demeanor and unprofessional at all times."

We defer to the court's conclusion that Herring's tone and demeanor when arguing that no conflict existed under Rule 17.1 (B) were sufficiently disrespectful and insincere so as to entail contumacious conduct, since a determination of credibility is the sole responsibility of the trier of fact. Certainly, as to the substance of Herring's argument, the impossibility of making court appearances in Walton County, Gwinnett County, and Fulton County within an hour and a half time span would militate in favor of the trial court's conclusion. And, as for our part, we note that Rule 17.1 (B) was amended years ago to remove the "at the same time" language. Under Rule 17.1 (B), an attorney must give a prompt conflict notice when scheduled on a date certain "to appear in two or more courts,"[6] which Herring did not do. In that regard, we have held that the failure to respond to a calendar call or to the call of a case for trial disrupts court proceedings and interferes with the orderly administration of justice.[7] Such a

---

[4] OCGA § 15-1-3 (1).

[5] (Emphasis supplied.)

[6] Rule 17.1 (B). See *In re Holt*, 262 Ga. App. 730, 732 (1) (a) (586 SE2d 414) (2003).

[7] *In re Bergin*, supra; accord *In re Omole*, 258 Ga. App. 725, 727 (1) (574 SE2d 912) (2002); *In re Brant*, 230 Ga. App. 283, 284 (1) (496 SE2d 321) (1998).

failure is a direct contempt for which the contemnor may be summarily punished.[8] Similarly, we have found that the failure to appear, coupled with the failure to file a prompt notification of conflict pursuant to Rule 17.1 (B), warrants a summary finding of contempt.[9] Accordingly, finding Herring in contempt for such conduct does not constitute error.

In addition, we disagree with Herring's characterization that his colloquy with the court prior to the finding of contempt reflected the judge's "personal" involvement. This was not an instance where "the announcement of punishment is delayed, and where the contumacious conduct was directed toward the judge or where the judge reacted to the contumacious conduct in such a manner as to become involved in the controversy."[10] Indeed, the record reflects that, at the beginning of the disputed colloquy, the trial judge did not intend to find Herring in contempt but planned to "fuss at [him] for not doing what [he was] supposed to do and let it be as that"; it was Herring's conduct, demeanor, and disingenuous argument exhibiting a disregard for the rules, the court, and the client which ultimately led to a finding that he was in contempt of court. The trial judge had the power to declare Herring's conduct committed in his presence and observed by him to be contemptuous, and, after affording Herring an opportunity to speak in his own behalf, to announce punishment summarily and without further notice or hearing.[11] Viewing the evidence of record to support the prosecution, adjudicating Herring to be in contempt and punishing him immediately did not constitute reversible error.

*Judgment affirmed. Ruffin, P. J., concurs. Adams, J., concurs specially.*

Adams, Judge, concurring specially.

I agree with the result reached by the majority. However, I am compelled to write separately to remind trial judges of the importance of making their findings in cases such as this on the record during the hearing or proceedings, particularly when those findings pertain to nonverbal matters such as tone and demeanor. This allows the contemnor an opportunity to respond on the record, and allows this court to make a proper review of what transpired below. Without the necessary record having been made, I, unlike the majority, cannot defer to the trial court's after-the-fact findings which appear nowhere in the record other than the trial court's contempt order. But I do

---

[8] *In re Omole,* supra; *In re Shook,* supra.

[9] *In re Holt,* supra at 731-732 (1).

[10] (Citation and footnote omitted.) *In re Burgar,* 264 Ga. App. 92, 94 (589 SE2d 679) (2003).

[11] *In re Willis,* 259 Ga. App. 5, 7 (2) (576 SE2d 22) (2002).

agree that Herring's conduct that was demonstrated on the record, including the failure to file a conflict letter, the failure to appear as scheduled and the failure to acknowledge his lack of compliance with the uniform rules, authorized a summary finding of contempt and the imposition of immediate punishment, Thus, I agree with the majority that the trial court's order should be affirmed.

DECIDED JULY 7, 2004.

*Timothy T. Herring*, pro se.
*William M. Ray II*, for appellee.