A06A1671. IN RE SCHEIB.
(641 SE2d 570)

MILLER, Judge.

Attorney Dennis Scheib was ordered by the Superior Court of Fulton County to show cause why he should not be held in contempt of court for his conduct during a criminal trial in which he represented the defendant. At the show-cause hearing, Scheib moved to dismiss because no one was present to prosecute the case against him. The trial court denied Scheib's motion to dismiss, while reserving judgment on the contempt charge. Following this Court's grant of interlocutory review, Scheib appeals the denial of his motion to dismiss. We discern no error and affirm the denial of Scheib's motion. We also remand this case to the trial court to make a ruling on the contempt charge.

We review the trial court's denial of a motion to dismiss under the de novo standard of review. *Johnson v. E. A. Mann & Co.,* 273 Ga. App. 716, 720 (2) (616 SE2d 98) (2005). So viewed, the record shows that in

---

November 2004, Judge Marvin S. Arrington presided over a rape trial in which Scheib served as counsel for the defendant. During the trial, Judge Arrington issued numerous warnings to Scheib regarding his conduct, especially relating to what Judge Arrington perceived as violations of the rape shield statute. After providing Scheib with several warnings, Judge Arrington told him that he planned to issue an order within the next 30 days for Scheib to appear and show cause as to why he should not be held in contempt. On the third day of trial, Judge Arrington declared a mistrial upon a finding of "manifest necessity" based on Scheib's conduct.

On December 21, 2004, Judge Arrington issued an "Order to Show Cause Why Dennis Scheib Should Not Be Held in Contempt of Court," which listed 19 instances of alleged misconduct by Scheib. Judge Arrington recused himself from such hearing, as required "[w]here the announcement of punishment [of contempt] is delayed, and where . . . the judge reacted to the contumacious conduct in such manner as to become involved in the controversy." *Dowdy v. Palmour*, 251 Ga. 135, 142 (2) (d) (304 SE2d 52) (1983).

The hearing for the show-cause order was held on January 12, 2006, with Senior Judge Tracy Moulton, Sr., of the Pataula Judicial Circuit presiding. Scheib moved to dismiss because no one was present to submit evidence on behalf of Judge Arrington. The trial court denied Scheib's motion while reserving judgment on the contempt charge.

> [C]ourts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect and decorum in their presence, and submission to their lawful mandates. . . . The power to punish for contempts is inherent in all courts; its existence is essential to the preservation of order in judicial proceedings, and to the enforcement of the judgments, orders and writs of the courts, and consequently to the due administration of justice.

(Citations and punctuation omitted.) *Ex parte Terry*, 128 U. S. 289, 302-303 (9 SC 77, 32 LE 45) (1888).

Contumacious conduct occurring directly in front of the judge is punishable as direct criminal contempt of court. *In re Shook*, 254 Ga. App. 706, 707 (563 SE2d 435) (2002). A trial court may hold a party in direct contempt during trial without a hearing where conduct "interferes with the ability of the court, in its broad institutional sense, to administer justice." (Citation and punctuation omitted.) *In re Schoolcraft*, 274 Ga. App. 271, 275 (2) (617 SE2d 241) (2005). Scheib does not

dispute that Judge Arrington had the power to hold him summarily in contempt during the trial in which his allegedly contemptuous behavior occurred.

Where a court defers making a judgment of contempt until after the trial has ended, however, it can no longer justify finding someone summarily in contempt without providing an opportunity for a hearing, even where the conduct occurred directly before the judge. In *Maples v. Seeliger*, 165 Ga. App. 201, 201-202 (1) (299 SE2d 906) (1983), this Court held that

> [b]efore an attorney is finally adjudicated in contempt and sentenced after trial for conduct during trial, he should have reasonable notice of the specific charges and opportunity to be heard in his own behalf. This is not to say, however, that a full-scale trial is appropriate. Usually the events have occurred before the judge's own eyes, and a reporter's transcript is available. But the contemnor might at least urge, for example, that the behavior at issue was not contempt but the acceptable conduct of an attorney representing his client; or he might present matters in mitigation or otherwise attempt to make amends with the court.

(Citations and punctuation omitted.)

Here, a transcript of the rape trial heard by Judge Arrington was available and included the text of Scheib's comments that serve as the basis of the contempt charge. In addition, Judge Arrington's order provided "reasonable notice" of the specific instances in which Scheib's actions during such trial constituted contempt. As a result, neither Judge Arrington nor any representative of Judge Arrington was required to represent him in the show-cause proceeding heard before Judge Moulton. During such hearing, the judge sitting as the trier of fact and law could review the evidence at trial and the court's order prior to making a determination of contempt. Scheib was free to present evidence, including the testimony of witnesses, to convince the trial court that such behavior was acceptable or could be mitigated. *Maples*, supra, 165 Ga. App. at 202 (1).

In *In re Herring*, 268 Ga. App. 390 (1) (601 SE2d 839) (2004), an attorney was held summarily in contempt for contumacious behavior in the presence of the trial court. This Court held that "[t]he judge before whom the allegedly contemptuous conduct occurred is not a 'party' to appellate review of a contempt finding, as is reflected in the style of a contempt case before this Court, i.e., 'In re' and the name of the alleged contemnor." Id. Instead of requiring an appearance by the trial court, "[t]he resolution of the instant case will proceed on the basis of the facts of record viewed to support the

findings of fact and conclusions of law contained in the order of contempt issued below." Id.

Just as no appearance of the trial judge is authorized on the appeal of a contempt finding, no appearance of the trial judge (or any representative of the trial judge) is required at a show-cause hearing where the trial judge has deferred judgment of any contempt. Instead, the deferred judgment merely affords the alleged contemnor an opportunity, upon reasonable notice, to present his or her defense. See *Maples*, supra, 165 Ga. App. at 201-202 (1). Here, Scheib was provided with reasonable notice and a hearing in which he could present testimony to further his position that the behavior recorded in the transcript and described in Judge Arrington's order was not contemptuous.

Georgia law does not require that anyone be present to "prosecute" the case against Scheib, because the conduct at issue has already occurred and is of record. Typically, a trial judge will make a finding of contempt instanter. Judge Arrington's decision to remove himself from the finding does not negate the contempt. Judge Moulton properly denied Scheib's motion to dismiss and provided Scheib with an opportunity to respond to the show-cause order as required by *Maples*. We affirm the trial court's denial of Scheib's motion and remand to the trial court for a specific determination of whether Scheib's actions constituted direct contempt.

*Judgment affirmed and case remanded with direction. Johnson, P. J., and Ellington, J., concur.*

DECIDED JANUARY 29, 2007 — 

*Brian Steel*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Marc A. Mallon, Assistant District Attorneys*, for appellee.