**SECOND DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**November 17, 2014**

# In the Court of Appeals of Georgia

A14A1137. MURPHY v. MURPHY.

McFADDEN, Judge.

Although this is our third opinion in this custody modification action, we are still not presented with a final order on the petition to modify. Instead we are presented with a series of rulings holding appellant Nancy Michelle Murphy and her attorneys, Millard Farmer and Larry King, in contempt of court.

Farmer has been held in contempt of an earlier order that prohibited the parties from discussing the case with their children. As Farmer signed a brief to which he exhibited affidavits of the children echoing their mother's anger at John Murphy, there is sufficient evidence to support that ruling; and we find that Farmer received sufficient notice and opportunity to be heard before he was held in contempt. Nancy Michelle Murphy has been held in contempt of another provision of that order which

required her to cooperate with a custody evaluator. Any insufficiency of the evidence presented on that charge at the contempt hearing was supplied by her own brief in opposition to the motion for contempt. In that brief she announced that she deemed herself to be entitled to defy the provision directing her to cooperate with the evaluator. And again we find sufficient notice and opportunity to be heard. Finally Farmer and King have been held in contempt for failure to have Nancy Michelle Murphy present at the contempt hearing. But as she was not under subpoena and had not been ordered to appear in person, she was entitled to appear through counsel; so that ruling must be reversed.

We therefore affirm the trial court's contempt order in part and reverse it in part.

1. *Prior appeals*.

Nancy Michelle Murphy and John Murphy were divorced in 2006. They have two children, born in November 1998 and January 2001. In April 2012, John Murphy filed this action, seeking to modify the child custody provisions of the divorce decree.

Nancy Michelle Murphy has repeatedly moved to recuse the trial court judge. *Murphy v. Murphy*, 322 Ga. App. 829 (747 SE2d 21) (2013), her first appeal in this case, was a direct appeal from an interlocutory order denying one of her motions to

recuse. We dismissed on the basis the order was not appealable as a collateral order and was not appealable under the version of OCGA § 5-6-34 (a) (11) adopted in 2013, which authorizes direct appeals from "judgments or orders in child custody cases awarding, refusing to change, or modifying child custody or holding or declining to hold persons in contempt of such child custody judgment or orders."

Our Supreme Court granted Nancy Michelle Murphy's petition for certiorari to address whether we erred when we concluded that the 2013 amendment of OCGA § 5-6-34 (a) (11) applied retroactively. In *Murphy v. Murphy*, 295 Ga. 376 (761 SE2d 53) (2014), the Supreme Court ruled that the amendment did not apply retroactively but nonetheless affirmed the dismissal of Nancy Michelle Murphy's appeal on the ground that, "even under the prior version of OCGA § 5-6-34 (a) (11), there was no right of direct appeal from the recusal order at issue." Id. at 379.

In the meantime, on August 23, 2013, the trial court entered an order that, among other things, denied John Murphy's motion to temporarily change physical custody of the children, directed the parties not to discuss the case with the children, ordered a custody evaluation, and directed the parties to cooperate with the custody evaluator. In Nancy Michelle Murphy's second appeal to our court, *Murphy v. Murphy*, __ Ga. App. __ (759 SE2d 909) (2014), we affirmed that order. We imposed

3

a frivolous appeal penalty against Nancy Michelle Murphy's counsel, finding that the appeal was frivolous and dilatory and rife with violations of Court of Appeals Rule 10, which forbids oral or written personal remarks that are discourteous or disparaging to any judge, opposing counsel, or any court.

2. *Facts underlying the present appeal.*

Six days after the August 23, 2013 order was entered, John Murphy filed a motion seeking to hold Nancy Michelle Murphy in contempt for violating its visitation provisions. In response Nancy Michelle Murphy filed affidavits from the children, testifying that the motion for contempt had been read to them in the presence of their mother, that their mother had not interfered with their father's visitation as alleged in the motion for contempt, and that they were extremely angry at their father for not telling the truth to the court.

John Murphy then amended his motion for contempt. He alleged that Nancy Michelle Murphy and "her lawyer" were in contempt of the order's provision prohibiting the parties from discussing the case with the children. He also alleged that Nancy Michelle Murphy was violating the requirement of the August 23 order that she cooperate with the custody evaluator in that she had refused to complete the paperwork the custody evaluator required before beginning the evaluation.

4

The trial court conducted a hearing on the contempt motion on October 3, 2013. Nancy Michelle Murphy and Farmer did not appear, but King did appear on behalf of Nancy Michelle Murphy. After hearing testimony from John Murphy and the driver hired to transport the children from Nancy Michelle Murphy's residence to John Murphy's residence, the trial court found Nancy Michelle Murphy, Farmer, and King to be in contempt. The trial court found Farmer to be in contempt for discussing the case with the children in violation of the August 23 order. It found Nancy Michelle Murphy to be in contempt for wilfully refusing to cooperate with the custody evaluator in violation of the August 23 order. And it found King and Farmer to be in contempt because of Nancy Michelle Murphy's failure to appear at the contempt hearing.

Nancy Michelle Murphy, Farmer, and King filed an application for discretionary appeal of the contempt order. We granted the application, and this latest appeal followed. We first address John Murphy's motion to dismiss the appeal, then turn to the deficiencies in the appellants' brief, and finally, address the merits of the challenges to the contempt order.

3. *Motion to dismiss the appeal.*

5

Because this is an appeal from a contempt order, the appellants were not required to follow the interlocutory appeal procedure. OCGA § 5-6-34 (a) (2); *Massey v. Massey*, 294 Ga. 163, 164-165 (2) (751 SE2d 330) (2013) (citations omitted); see also OCGA § 5-6-34 (a) (11) (making "[a]ll judgments or orders in child custody cases awarding, refusing to change, or modifying child custody or holding or declining to hold persons in contempt of such child custody judgment or orders" immediately appealable); OCGA § 5-6-37 ("Unless otherwise provided by law, an appeal may be taken to the Supreme Court or the Court of Appeals by filing with the clerk of the court wherein the case was determined a notice of appeal.").

Because they filed an application for discretionary appeal, we have jurisdiction regardless of whether or not they were entitled to follow the direct appeal procedure. OCGA § 5-6-35 (j). So we do not decide if they were so entitled, and we deny John Murphy's motion to dismiss the appeal.

4. *Deficiencies in the appellants' brief.*

As a threshold matter, we address the deficiencies in the appellants' brief.

The Appellate Practice Act, at OCGA § 5-6-40, provides that enumerations of error are to be concise and "shall set out separately each error relied upon." "It is desirable that each enumeration be explicit, precise, intelligible, unambiguous,

unmistakable, and unequivocal." *MacDonald v. MacDonald*, 156 Ga. App. 565, 569 (1) (d) (275 SE2d 142) (1980) (physical precedent). Our rules direct that, "[t]he sequence of arguments in the briefs shall follow the order of the enumeration of errors, and shall be numbered accordingly." Court of Appeals Rule 25 (c) (1). As to each enumeration of error, an appellant is to specify how the error was preserved and to state concisely the applicable standard of review. Court of Appeals Rule 25 (a). Briefs and enumerations of errors that do not conform to those requirements hinder our ability to determine the basis and substance of an appellant's appeal. *Williams v. State*, 318 Ga. App. 744, 744-745 (734 SE2d 745) (2012).

Appellants' brief does not conform to those requirements. Their brief and enumerations of error is rambling and difficult to follow; several enumerations contain multiple allegations of error. These deficiencies are illustrated by enumeration of error four, which is set out in the margin.[1]

---

[1] "Whether the court erred in holding Michelle Murphy in contempt for not cooperating, within the time provided by the Court, with the custody evaluator, who presented an illegal condition for Michelle Murphy to perform in order to "cooperate" by requiring that Michelle Murphy execute the psychologist's contract. (V17 p.3627) The contempt adjudication was not supported with proof beyond a reasonable doubt of Michelle Murphy's violation of the Order. If proven beyond a reasonable doubt that Michelle Murphy violated any directive of the custody evaluator, the directive placed an illegal condition upon Michelle Murphy that is being appealed. In order to accomplish what Judge Baldwin ordered, Michelle Murphy would have had to be

7

As to some of the issues that appellants attempt to raise, these deficiencies constitute abandonment. Appellants do not address each enumeration of error in the argument section of their brief, and their arguments in that section do not follow the order of the enumeration of errors. And many of the alleged errors referenced in the enumeration of errors, are not supported with arguments, citations to the record, or citations of authority. Court of Appeals Rule 25 (c) (2) provides, "Any enumeration of error which is not supported in the brief by citation of authority or argument may

---

subjected to the following, illegal conditions: Michelle Murphy would have been required to execute a contract that is void against the public policy of the State of Georgia, in that: (a) the contract that requires Michelle Murphy to grant the psychologist full immunity from liability, not just the immunity from liability provided by statute that exempts immunity to the psychologist resulting from her bad faith; (b) the contract requires that Michelle Murphy become financially liable for fees that she cannot afford, as it requires that she pay expensive fees to obtain discovery and production, testimony at trial, or be deprived of this evidence that could be necessary to her defense of the psychologist's findings or for use by her as evidence against the plaintiff; (c) the contract provides that the psychologist be paid 18% interest for late payments of fees; (d) unless Michelle Murphy executed the contract, the psychologist would not inform her counsel of the method to be used for the "custody evaluation," and would not provide other information about the scope of the investigation of John Harold Murphy and Renee L. Haugerud that would be conducted before rendering an opinion to the Court; (e) unless Michelle Murphy executed the contract, the psychologist stated that she would not talk to counsel for Michelle Murphy or Michelle Murphy; and, (f) Michelle Murphy would have been subjected to a psychologist who was selected by the guardian ad litem, who was exposed by counsel for Michelle Murphy for converting to her personal use trust funds provided to her in the case, in violation of USCR 24.9 (8)(g)."

8

be deemed abandoned." See also Court of Appeals Rule 25 (c) (2) (i) ("Each enumerated error shall be supported in the brief by specific reference to the record or transcript. In the absence of such reference, the Court will not search for or consider such enumeration.").[2]

In spite of these deficiencies, we will review the claims of error that we are authorized to reach to the extent that we can ascertain the appellants' arguments, *Williams*, 318 Ga. App. at 744-745, and to the extent they have not abandoned them.

5. *Claim that trial judge is disqualified.*

The appellants argue that the Honorable A. Quillian Baldwin, Jr. was disqualified from adjudicating the contempt motion for two reasons: because another judge's transfer of the case to Judge Baldwin was illegal and because unadjudicated disqualification motions were pending against Judge Baldwin at the time that he decided the contempt motion. However, the appellants have cited no authority for the

---

[2]Finally as noted above, our previous opinion rebuked appellants for repeated violations of Court of Appeals Rule 10 which provides, "Personal remarks, whether oral or written, which are discourteous or disparaging to any judge, opposing counsel, or any court, are strictly forbidden." *Murphy v. Murphy*, __ Ga. App. __, __ (4) (759 SE2d 909) (2014). Their present brief is only somewhat better. It includes, for example, repeated unsupported and irrelevant assertions that a particular witness has substance abuse problems. We again rebuke appellants. This lack of professionalism does less than nothing to advance their cause.

proposition that the transfer of the case to Judge Baldwin was illegal. On the contrary, Uniform Superior Court Rule 3.3 authorizes "an assigned judge [to] transfer an assigned action to another judge with the latter's consent in which event the latter becomes the assigned judge." And there are no unadjudicated disqualification motions. Judge Baldwin orally denied all such motions before hearing the contempt motion. See Uniform Superior Court Rule 25.1 ("In no event shall the motion [for disqualification] be allowed to delay the trial or proceeding.").

The appellants argue that Judge Baldwin was deprived of jurisdiction to consider the contempt motion because the August 23 order was currently on appeal and subject to supersedeas. Under OCGA § 5-6-34 (e), however, when a party appeals an order granting nonmonetary relief in a child custody case, the order stands until reversed or modified by the reviewing court unless the trial court states otherwise in its judgment or order. The trial court did not state otherwise in the August 23 order, so that order stood and remained enforceable through contempt proceedings notwithstanding the pending appeal. See *Walker v. Walker*, 239 Ga. 175, 176 (236 SE2d 263) (1977) (custody award that is not subject to supersedeas is enforceable through contempt; decided before July 1, 2011 effective date of OCGA § 5-6-34 (e)).

6. *Contempt citations*.

10

Having addressed these preliminary matters, we now turn to the trial court's order finding Farmer to be in contempt for discussing the case with the children in violation of the August 23 order, finding Nancy Michelle Murphy to be in contempt for wilfully refusing to cooperate with the custody evaluator in violation of the August 23 order, and finding both attorneys to be in contempt because of Nancy Michelle Murphy's failure to appear at the contempt hearing.

(a) *Violation of the prohibition of discussing this case with the children.*

The trial court held attorney Farmer in contempt after finding that he was "discussing the issues, allegations, and claims in this case with the children and that such discussions are not necessary to implement the terms of the August Order." The appellants argue that this judgment of contempt must be reversed because Farmer did not receive adequate notice and because the evidence does not support it.

(i) *Notice.*

The appellants argue that the trial court erred in finding that they had sufficient notice of the contempt allegations against them and the hearing on the contempt. We conclude that the notice was reasonable.

Whether or not a party is entitled to notice of the charges of contempt and a hearing on those charges depends on the type of contempt he is charged with. "Acts

11

of contempt are either direct, meaning they are committed within the sensory perception of the judge, or they are indirect, meaning they occur outside the sensory perception of the judge." *In re Shook*, 254 Ga. App. 706, 707 (563 SE2d 435) (2002) (citation and punctuation omitted). When a party is charged with committing direct contempt, no advanced notice is required and due process is satisfied "by simply giving [the party charged] an opportunity to speak on her own behalf." *Johnson v. State*, 258 Ga. App. 33, 36 (2) (b) (572 SE2d 669) (2002) (citation omitted). When a party is charged with committing indirect contempt, the party is "entitled, among other things, to reasonable notice of the charges, to counsel of his own choosing, and to the opportunity to call witnesses." *Ramirez v. State*, 279 Ga. 13, 16 (3) (608 SE2d 645) (2005).

Farmer was charged with indirect contempt and therefore was entitled to reasonable notice of the allegations against him. "[T]he notice must be reasonably calculated to inform persons of the charges against them and their opportunity for a hearing at a specific time and place to present their objections." *Hedquist v. Hedquist*, 275 Ga. 188, 189 (563 SE2d 854) (2002) (citation omitted). The notice here met those requirements.

12

Appellants were adequately informed of the charges. The amended motion for contempt sufficiently specified the allegedly contumacious conduct. It sought to hold counsel in contempt for discussing the issues in the case with the parties' children.

The appellants argue that referring to "Defendant's lawyer" instead of "Millard Farmer" rendered the motion insufficient. They cite no supporting authority for that argument, and we reject it.

Appellants were adequately notified of their opportunity to be heard at a specific time and place. On September 12, 2014, counsel for John Murphy served upon counsel for Nancy Michelle Murphy a "Notice of Hearing" that specified the date, time, and location of a hearing before the trial court "in order for [the trial court] to consider the relief requested in Plaintiff's Motion for Contempt filed in the above captioned matter on August 29, 2013." Counsel served that "Notice of Hearing" by United States mail and by email. Additionally the trial court issued a calendar to counsel for the parties, confirming that a hearing was scheduled for October 3, 2013. The appellants do not deny receiving the notice of hearing or the calendar. Counsel for John Murphy served the amended motion for contempt upon counsel for Nancy Michelle Murphy on September 27, 2013, six days before the scheduled hearing. Under these facts, we find that the trial court did not err in concluding that the

13

appellants received reasonable, sufficient notice. See *Gibson v. Gibson*, 234 Ga. 528, 529-530 (3) (216 SE2d 824) (1975) (notice less than five days before hearing, which appellant did not dispute receiving, was reasonable). Compare *Hedquist*, 275 Ga. at 190 (notice of hearing that did not specify that trial court would hear the contempt motions at pretrial conference was inadequate).

(ii) *Sufficiency of the evidence.*

Farmer argues that the contempt must be reversed because the evidence does not support the finding of contempt. Our standard of review is dictated by the nature of the contempt, whether criminal or civil. *In re Waitz*, 255 Ga. App. 841, 842 (567 SE2d 87) (2002). The trial court sentenced Farmer to "be incarcerated in the Coweta County, Georgia jail for a period of 20 days or until he pa[id] One Thousand Dollars ($1,000.00) to the Court." Because he was sentenced to imprisonment for a specified, unconditional period, Farmer's contempt was criminal. See *In the Interest of J. D.*, 316 Ga. App. 19, 21 (1) (728 SE2d 698) (2012) ("If the contemnor is imprisoned for a specified unconditional period . . . the purpose is punishment and thus the contempt is criminal.") (citation, footnote, and punctuation omitted). "On appeal of a criminal contempt conviction the appropriate standard of appellate review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier

14

of fact could have found the essential elements of the crime beyond a reasonable doubt." *In re Waitz*, 255 Ga. App. at 842 (citation and punctuation omitted).

After viewing the evidence in the light most favorable to the prosecution, we conclude that the trial court could have found the essential elements of the crime beyond a reasonable doubt. Farmer signed the brief to which the affidavits reflecting the children's knowledge of the case were attached. Also attached to that brief is an affidavit of Farmer himself, notarized on the same day by the notary who notarized the children's affidavits.

To the extent Farmer argues that he cannot be held in contempt for violating a provision directed at the parties rather than himself, his argument is unavailing. The violation of a court's order by one who was not a party to the proceedings can be punished as a contempt if the contemnor had actual notice of the order and is in privity with, aided and abetted, or acted in concert with the named party in acts constituting a violation of the order. *The Bootery v. Cumberland Creek Props.*, 271 Ga. 271, 272 (2) (517 SE2d 68) (1999). It is undisputed that Farmer had actual notice of the order and acted as Nancy Michelle Murphy's representative when obtaining the affidavits from the children.

(b) *Failure to cooperate with the custody evaluator*.

15

The trial court held Nancy Michelle Murphy in contempt after finding that she had not cooperated with the custody evaluator. The appellants argue that this judgment of contempt must be reversed because Nancy Michelle Murphy did not receive adequate notice and because the evidence does not support it.

(i) *Notice.*

Nancy Michelle Murphy was entitled to reasonable notice related to the allegations of indirect contempt for violating the August 23, 2013 court order. For the reasons discussed in Division 6 (a) (1), supra, we conclude that she received such notice.

(ii) *Sufficiency of the evidence.*

The trial court sentenced Nancy Michelle Murphy to incarceration "until she compli[ed] with the August Order by signing the documents previously submitted to her by [the custody evaluator's] office." This was a civil contempt. See *In the Interest of J. D.*, 316 Ga. App. at 21-22 (1) ("If the contemnor is imprisoned only until he performs a specified act, the purpose is remedial and hence the contempt is civil.") (citations omitted). In civil contempt appeals, if there is any evidence from which the trial court could have concluded that its order had been violated, we are without

16

power to disturb the judgment absent an abuse of discretion." *In re Waitz*, 255 Ga. App. at 842 (citation omitted).

We hold that some evidence supported the conclusion that Nancy Michelle Murphy violated the August 23 order by refusing to cooperate with the custody evaluator. The August 23 order set an October 15, 2013 deadline for completion of the custody evaluation. John Murphy testified that he had done everything the custody evaluator required in order to begin the evaluation, yet the evaluation had not proceeded. It is not disputed that as of November 19, 2013, the date of the trial court's contempt order, that evaluation had not occurred. And, in a response to the amended motion for contempt which she filed on October 22, 2013, Nancy Michelle Murphy expressly defied the August 23 order and declared herself justified in refusing to sign the documents that were a prerequisite to the custody evaluation. The trial court was therefore authorized to conclude that she had not signed those documents. See OCGA § 24-8-821 ("Without offering the same in evidence, either party may avail himself or herself of allegations or admissions made in the pleadings of the other.").

This is sufficient evidence to authorize the trial court to conclude that Nancy Michelle Murphy violated the August 23 order by refusing to cooperate with the

17

custody evaluator. See *Edwards v. Edwards*, 254 Ga. App. 849, 854 (563 SE2d 888) (2002) (a person who simply ignores a court order that she believes is erroneous "does so at [her] own peril and must assume the risk of being held in contempt") (citation and punctuation omitted).

(c) *Nancy Michelle Murphy's failure to appear at the hearing*.

We agree with the appellants that the trial court erred in holding Farmer and King in contempt because of Nancy Michelle Murphy's failure to appear at the contempt hearing.

> Absent a properly served subpoena or court order requiring a party to appear in person, a party may choose not to be present at the trial of the case and to be represented solely by counsel. This rule accords with the long-established principle that there is full power on the part of the counsel to represent the client, and it is just the same as if the client were there in person.

*In re Estate of Coutermarsh*, 325 Ga. App. 288, 290 (1) (752 SE2d 448) (2013) (citations and punctuation omitted). See also *Masonry Standards v. UPS Truck Leasing*, 257 Ga. 743, 743-744 (363 SE2d 553) (1988) (trial court erred in sanctioning defendant for failing to appear in person at trial). John Murphy has pointed to nothing that required Nancy Michelle Murphy to appear in person at the

18

contempt hearing. And because Nancy Michelle Murphy was not required to appear in person, Farmer and King could not be held in contempt for her failure to appear.

*Judgment affirmed in part and reversed in part. Doyle, P. J., and Boggs, J., concur*.