**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

June 17, 2024

# In the Court of Appeals of Georgia

A24A0567. JONES v. HUGHLEY.

PIPKIN, Judge.

Lanikki Jones and Young Hughley are the parents of Young Hughley, Jr., a now 18-year-old special needs child. Hughley petitioned for legitimation of his son, which was granted in August 2015. At that time, the parents were granted joint legal custody of their child, with Jones designated as the primary physical custodian. Unfortunately, things turned contentious between the parties leading to years of litigation, accusations, and numerous modifications concerning Hughley's ability to see and have custody of his son.

In this appeal, Jones raises nine enumerations of error. All but one of these enumerations challenge either the various procedural decisions made by the trial court

throughout the years-long custody litigation in order to control its own docket or the many custody decisions entered throughout the course of this litigation.[1] Jones acknowledges that these rulings are moot because, as of this writing, her son is now 18 years old. Nevertheless, Jones asserts that this Court should review these enumerations in order to "create a record of the pattern of reversible error committed by the trial court to prevent similarly situated parties from experiencing the same judicial abuse." Even assuming without deciding that Jones' claims are all preserved for appellate review, Young Hughley, Jr., is, as Jones concedes, "now legally an adult and no longer in the custody or control of [his parents]." *McAlister v. Clifton*, 313 Ga. 737, 738 (1) (873 SE2d 178) (2022). See also *Francis-Rolle v. Harvey*, 309 Ga. App. 491, 492 (1) (710 SE2d 659) (2011) (explaining that a trial court's visitation award

---

[1] Specifically, Jones asserts that the trial court erred by: 1) awarding Young unsupervised visitation on September 18, 2017; 2) tying Young's child support payments to his visitation (however a search of the record reveals no such ruling by the trial court); 3) entering an order on April 20, 2018 quashing Jones' witness subpoena without a hearing and without conducting an *in camera* inspection; 4) restricting the parties' ability to file pleadings without first obtaining the trial court's permission; 5) granting a continuance and then holding a final hearing concerning visitation on March 17, 2022; 6) granting Hughley's motion for contempt and change of custody on April 8, 2022; 7) improperly weighing the evidence at the contempt and custody modification hearing; and 8) improperly applying the best interest of the child standard in its April 2022 order.

terminates by operation of law when the child reaches the age of majority). Therefore, the claims raised by Jones on appeal regarding the trial court's prior custody and visitation determinations are moot. Consequently, we vacate the portions of the trial court's orders regarding visitation and remand the case to the trial court with direction to dismiss the claims for custody and visitation. See *McAlister*, 313 Ga. at 741-742 (1).

The single enumeration on appeal that is reviewable by this Court is Jones' claim that the trial court erred by holding her in contempt and awarding Hughley attorney fees in an April 2022 order. Concerning the contempt ruling, "if there is any evidence from which the trial court could have concluded that its order had been violated, we are without power to disturb the judgment absent an abuse of discretion." (Citation and punctuation omitted.) *Murphy v. Murphy*, 330 Ga. App. 169, 177 (6) (b) (ii) ( 767 SE2d 789) (2014). In its lengthy and thorough order detailing the years of litigation in this case, the trial court found numerous instances in which Jones had "willfully disobeyed" the trial court's orders, had circumvented the procedures the trial court had put in place in order to manage its docket and the litigation in this case, and had consistently impeded and interfered with Hughley's right to exercise his court

3

ordered visitation rights.[2] On appeal, Jones argues only that the child did not wish to visit Hughley; she does not, however, challenge the trial court's factual determinations underpinning the contempt finding, and there is nothing in the record before us to indicate that the trial court abused its discretion by concluding that Jones routinely and willfully disobeyed its orders in this case. Accordingly, this claim is without merit. Finally, Jones makes a blanket argument that the trial court erred by awarding attorney fees in this case because the contempt finding was entered in error. However, because we have affirmed the trial court's contempt ruling, and because Jones has failed to provide any other basis on which we can reverse the trial court's award of attorney fees, we affirm the trial court's award of attorney fees.

*Judgment affirmed in part, vacated in part, and remanded with direction. Barnes, P. J., and Gobeil, J., concur.*

---

[2] Indeed, the trial court found almost all of Jones' testimony at the hearing on Hughley's motion to be not credible.