### A02A1688. IN RE OMOLE.
(574 SE2d 912)

BARNES, Judge.

Yinka Omole appeals his conviction for criminal contempt, and for the reasons that follow, we affirm.

When reviewing an appeal from a criminal contempt conviction, we must determine whether, "after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." (Citation and punctuation omitted.) *In re Brant*, 230 Ga. App. 283 (496 SE2d 321) (1998).

Viewed in that light, the evidence showed that Omole, an attorney, was appointed to represent a defendant in the Superior Court of

Clayton County. On Friday, March 15, 2002, Omole answered a calendar call for cases subject to trial the following week, and the trial court placed his case on one-hour call, behind five other cases set for trial. On Wednesday morning, March 20, 2002, the last of these five cases was resolved by a guilty plea, and at 9:15 the trial court directed its secretary to contact Omole and advise him to appear for trial at 10:30 that morning. The secretary called the contact number Omole had given and left a message and then later retrieved Omole's cell phone and beeper numbers from another secretary and the court administrator and beeped him. After paging him a second time, Omole called back at approximately 10:25 and spoke with both the secretary and the trial court, representing that he and his client would be in court in 20 to 25 minutes. The court dismissed everyone until 11:00.

Neither Omole nor his client was present in court at 11:00, and the trial court again dismissed the court reporter, clerk, sheriff's deputies, bailiff, assistant district attorney, State's investigator, court administrator, and jurors, this time until 1:30. Omole arrived at the courtroom at 11:20, and the bailiff told him to return at 1:30.

When court reconvened at 1:30, the trial court began its contempt proceeding immediately. A transcription of the hearing has been included in the record before us. Omole explained that his contact number was his office number, and that usually his secretary would call him on his cell phone or page him if he needed to be reached, but she was not in that day. He further explained that he had been on an afternoon arraignment calendar, and he had not filed a conflict letter because he did not think he had a conflict because "this case had been on the trial calendar prior to any other things I had."

The trial court's secretary testified regarding the calls she had placed that morning and said she never called Omole's cell phone number because it was not included in the court-appointed attorneys list and neither she nor the secretary for the other judge trying this calendar had that number. At the end of the hearing, the trial court stated that it found Omole's explanations unpersuasive.

In its contempt citation against Omole prepared later that day, the trial court incorporated by reference the factual findings it made during the hearing and found beyond a reasonable doubt that Omole "wilfully interfered with the orderly operation of this Court by failing to appear as directed" and by failing to file a conflict letter. As a result of this conduct, the court, court personnel, and jurors were delayed for three hours until Omole appeared.

1. Omole first argues that the trial court erred in not giving him notice of the charge, an opportunity to prepare his defense, and a trial before a different judge. A court may issue attachments and

inflict summary punishment for contempt of court for misbehavior in the court's presence "or so near thereto as to obstruct the administration of justice." OCGA § 15-1-4 (a) (1); *Barlow v. State*, 237 Ga. App. 152, 156 (2) (513 SE2d 273) (1999). We have held that failing to respond to a calendar call or to the call of a case for trial disrupts court proceedings and interferes with the orderly administration of justice. *In re Brant*, 230 Ga. App. at 284 (1); *In re Bergin*, 178 Ga. App. 454, 455 (343 SE2d 743) (1986); *Shafer v. State of Ga.*, 139 Ga. App. 360 (2) (228 SE2d 382) (1976). Such a failure is a direct contempt for which the contemnor may be summarily punished. *Garland v. State of Ga.*, 99 Ga. App. 826, 831-832 (2) (110 SE2d 143) (1959); see *In re Booker*, 195 Ga. App. 561, 562-563 (1) (394 SE2d 791) (1990) (physical precedent only). The trial court did not err in summarily adjudicating Omole to be in contempt and punishing him immediately.

2. Omole also argues that insufficient evidence supports the contempt citation. It is undisputed that Omole announced "ready" at the Friday calendar call, that he was on one-hour call, that he could not be reached for more than an hour when the court attempted to contact him to notify him to come to court, that he arrived in court later than he represented he would be even after the court contacted him successfully, and that the court, court personnel, and jurors were ready to try the case. While Omole argues in his brief that the court should have called his cell phone number, the evidence showed that that is not the contact number Omole left with the trial court. Further, while he contends that the evidence was unclear regarding his appearance in another court and failure to file a conflict letter, the evidence as outlined earlier shows clearly that Omole represented to the court that he was in another court and did not think he needed a conflict letter. Considering all of the evidence as discussed previously, the trial court did not err in finding beyond a reasonable doubt that Omole wilfully interfered with the orderly operation of the court.

*Judgment affirmed. Ruffin, P. J., and Pope, Senior Appellate Judge, concur.*

DECIDED DECEMBER 5, 2002.

*Yinka T. Omole*, pro se.
*Robert E. Keller, District Attorney, Adrian Britt, Assistant District Attorney*, for appellee.