## A03A1504. BROWN v. THE STATE.
(586 SE2d 343)

ELLINGTON, Judge.

Christopher Brown, pro se, appeals from an amended judgment of conviction, contending his sentence is illegal. On February 17, 2003, the Crisp County Superior Court amended Brown's March 6, 2001 sentence and entered a new sentence based upon the State's[1] oral motion to correct a sentencing "irregularity." Although neither the State nor the court used the word "void" to describe Brown's original 25-year concurrent prison terms for his six counts of aggravated assault, it is clear from the entire record that the State asked for and the trial court entered a sentence modification based upon the fact that the "maximum time on an aggravated assault is 20 years." See OCGA § 16-5-21 (b).

In a criminal case, the inherent power of a trial court to modify, suspend, or vacate a judgment ceases at the end of the term in which it is rendered. *Pledger v. State*, 193 Ga. App. 588, 589 (2) (a) (388 SE2d 425) (1989). However, the trial court may correct a sentence the law does not allow at any time. *Battle v. State*, 235 Ga. App. 101, 102 (508 SE2d 467) (1998). Because the trial court properly amended Brown's judgment of conviction to correct a void sentence, we affirm.

*Judgment affirmed. Blackburn, P. J., and Phipps, J., concur.*

DECIDED JULY 18, 2003 —
RECONSIDERATION DENIED AUGUST 6, 2003 — 

Christopher Brown, *pro se*.

*Denise D. Fachini, District Attorney, Cheri L. Nichols, Assistant District Attorney*, for appellee.

---

[1] There is no evidence in the record before us that the court ruled on Brown's pending motion to withdraw his guilty plea and "motion to observe six[th] amendment representation." The only issue before us is whether the court properly granted the State's motion to amend Brown's sentence.