A03A2547. IN RE DAVIS.
(593 SE2d 740)

MILLER, Judge.

Attorney Benjamin Davis appeals from the trial court's order finding him in direct criminal contempt for failing to appear in court

when his client's case was called for trial. On appeal Davis contends that the evidence presented at the contempt hearing was insufficient to sustain his conviction for criminal contempt. Since the evidence viewed in the light most favorable to the prosecution reveals that the trial court did not give Davis adequate notice of the commencement date for his client's trial, the requisite elements for criminal contempt could not be shown beyond a reasonable doubt. We therefore reverse.

> On appeal of a criminal contempt conviction the appropriate standard of appellate review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Criminal contempt is that which involves some disrespectful or contumacious conduct toward the court. Contempt of court has been variously defined; in its broad sense it means disregard for or disobedience of the order or command of the court.

(Citations, punctuation and emphasis omitted.) *In re Gouge*, 206 Ga. App. 462, 463 (1) (425 SE2d 882) (1992). An attorney may be found in direct criminal contempt for interrupting court proceedings by failing to respond to a calendar call. See *In re Omole*, 258 Ga. App. 725, 727 (1) (574 SE2d 912) (2002).

Viewed most favorably to the prosecution, the evidence reveals that Davis and his client, Yolanda Vasconcellos, made a timely appearance in the Superior Court of Rockdale County for the June 16, 2003 calendar call. Vasconcellos's case was number one on the trial calendar, and Davis had previously announced that he was ready to try the case. The trial court indicated that the case would not be continued and would be tried "at some point." The court tentatively scheduled the case for the morning of June 18, 2003.

Davis contacted the court on June 17 and was informed that his case would not be reached on June 18. Davis did not contact Vasconcellos about the fact that her case would not be reached on June 18, and Vasconcellos appeared in court without Davis on June 18. Vasconcellos's case was not reached on June 18, and she was instructed on that day to return to court on June 23, 2003. It is undisputed that the trial court did not contact Davis or send him any trial calendar or notice of the June 23 trial date.

Vasconcellos returned to court on June 23, again without Davis. Her case was called that morning, and when the court asked Vasconcellos where Davis was, she said that she did not know and that she had not heard from him. Vasconcellos also stated that she believed that the last time that she spoke to Davis was on Friday, June 20.

Davis claimed that he did not know that the case was being called until he received a message from his office close to 1:30 in the afternoon on June 23. Davis had spent all morning in other trials in different courts, and as soon as he got the message that the Vasconcellos case had been called, he contacted the Rockdale County Superior Court and reported directly to court. When Davis arrived at the court, a bench warrant had already been issued for his arrest and he was sent to jail.

Davis filed an emergency motion in this Court to challenge his summary arrest and confinement, and this Court issued an order instructing the trial court to release him and to conduct a contempt hearing. The trial court conducted the hearing on June 26, 2003, and found Davis to be in direct criminal contempt for failing to appear on June 23, 2003, and for "willfully fail[ing] to communicate with the Court between Tuesday, June 17, 2003, and Monday, June 23, 2003, and [for] willfully fail[ing] to make himself amenable to communication from the Court on June 23, 2003." Davis appeals.

Pursuant to Uniform Superior Court Rule 32.1,

> [t]he judge or designee shall prepare a trial calendar, shall deliver a copy thereof to the clerk of court, and shall give notice in person or by mail to each counsel of record . . . and the defendant at the last address indicated in court records, not less than 7 days before the trial date or dates.

Despite the fact that Davis appeared in court on June 16 (even though he had not received notice of the trial calendar) and announced that he was ready for trial, it is undisputed that the court did not give Davis any notice of the June 23 trial date. The trial court's statement to Davis on June 16 that the case would be called "at some point" was insufficient to advise Davis that he was "on call" for June 23 or that the case would be set for that day. Even if Davis were "on call" for the trial calendar, he did not receive any call prior to the commencement of proceedings on June 23 such that he could be held in contempt for failing to appear. Compare *In re Omole*, supra, 258 Ga. App. at 727 (2) (evidence supported finding of direct criminal contempt where undisputed evidence showed that attorney was on one-hour call for trial and failed to appear after trial court attempted to contact him for over an hour). We decline to adopt a holding that would allow attorneys to be held in direct criminal contempt for failing to appear when a trial court does not fulfill its duty to give proper notice to the attorney by mail, in person, or by properly placing the attorney "on call" in connection with the trial calendar. Accordingly, we hold that the evidence presented in the trial court was insufficient to sustain the finding of criminal contempt.

*Judgment reversed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED JANUARY 26, 2004.

*Mann & Moran, Teresa A. Mann,* for appellant.
*Benjamin A. Davis, Jr.,* pro se.
*Richard R. Read, District Attorney, Roberta A. Earnhardt,* Assistant *District Attorney,* for appellee.