### A08A1557. IN RE BECKSTROM.
(671 SE2d 215)

BERNES, Judge.

Attorney Ron Beckstrom was found in criminal contempt after he failed to appear in court when his client's case was called for trial. On appeal, Beckstrom contends that his contempt conviction should be reversed because (1) he did not receive timely notice of the trial date, and (2) the letters and telephone call from the trial judge directing him to appear at trial were not orders that could be enforced in a contempt proceeding. We disagree and affirm.

> On appeal of a criminal contempt conviction the appropriate standard of appellate review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Criminal contempt is that which involves some disrespectful or contumacious conduct toward the court. Contempt of court has been variously defined; in its broad sense it means disregard for or disobedience of the order or command of the court.

(Citations, punctuation and emphasis omitted.) *In re Gouge*, 206 Ga. App. 462, 463 (1) (425 SE2d 882) (1992). We have repeatedly held that an attorney may be held in direct criminal contempt for wilfully

failing to respond to the calendar call or to the call of a case for trial. See, e.g., *In re Otuonye*, 279 Ga. App. 468, 470-471 (1) (631 SE2d 500) (2006); *In re Herring*, 268 Ga. App. 390, 391-392 (2) (601 SE2d 839) (2004); *In re Omole*, 258 Ga. App. 725, 726-727 (1) (574 SE2d 912) (2002).

Viewed in the light most favorable to the prosecution, the record reflects that Beckstrom, an attorney, represented a criminal defendant in a case pending in the Superior Court of Ben Hill County. The case was set for calendar call on September 13, 2007. Upon receiving notice of the calendar call, Beckstrom faxed a letter to the trial judge advising that he would be unable to attend due to a scheduling conflict, but otherwise announcing that the defense was ready for trial. The trial judge excused Beckstrom from appearing at the calendar call and accepted his announcement of ready for trial.

At the conclusion of the September 13 calendar call, the trial judge set the order of the criminal cases to be tried over the following two weeks. Beckstrom's case was scheduled for trial at 9:00 a.m. on October 1, 2007.

On September 28, the trial judge faxed a letter to Beckstrom and the prosecution reiterating that the trial was scheduled to begin on October 1. In response to the letter, a staff member from Beckstrom's office called the trial judge's chambers and advised that Beckstrom had a scheduling conflict. Following the telephone call, the trial judge resolved the conflict by calling the judge involved in the other case, who agreed to release Beckstrom from his obligations before that court so that he would be available to appear for the October 1 trial in Ben Hill County. The trial judge promptly communicated this resolution of the conflict to Beckstrom by faxed letter and telephone call that same afternoon. In his letter and telephone call with Beckstrom, the trial judge emphasized that he expected Beckstrom to be present for the October 1 trial.

At 9:00 a.m. on October 1, Beckstrom's case was called for trial. Beckstrom's client, his co-defendants and their counsel, the prosecution, all of the witnesses, and a full panel of jurors were all present. Beckstrom, however, was not. Because Beckstrom failed to appear, the trial judge had to continue the trial until it could be tried during a special term of court.

Beckstrom subsequently was ordered to appear for a contempt hearing. The hearing was held before a different trial judge. Beckstrom chose to represent himself. Both Beckstrom and the trial judge before whom he failed to appear testified. Following the hearing, Beckstrom was found in criminal contempt, leading to this appeal.

1. Beckstrom contends that he did not receive timely notice of the trial date pursuant to Uniform Superior Court Rule ("USCR") 32.1 and thus could not be found in criminal contempt for failing to

appear at trial. USCR 32.1 requires that the trial court give counsel and the defendant at least seven days notice of the trial date.[1] Beckstrom emphasizes that (with the trial judge's permission) he did not attend the calendar call, and so he did not receive notice of the October 1 trial date until the trial court's letter was faxed to him on September 28. As such, Beckstrom argues that he received notice of the trial date less than seven days before commencement of the trial, and, as a result, should not have been held in contempt.

We do not agree. Even if we assume, without deciding, that the notice of the trial date that Beckstrom received was inadequate under USCR 32.1, his remedy was not to disobey the trial judge's letters and telephone call ordering him to appear for trial. Rather, he should have appeared before the trial court and sought a continuance.

> Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect. The orderly and expeditious administration of justice by the courts requires that an order issued by a court with jurisdiction over the subject matter and person must be obeyed until it is reversed by orderly and proper proceedings. Such orders must be complied with promptly and completely, for the alternative would be to frustrate and disrupt the progress of the court proceedings with issues collateral to the central questions in the case.

(Punctuation omitted.) *Britt v. State*, 282 Ga. 746, 750 (2) (653 SE2d 713) (2007), quoting *Maness v. Meyers*, 419 U. S. 449, 458-459 (II) (95 SC 584, 42 LE2d 574) (1975). Hence, regardless of whether the notice he received complied with USCR 32.1, Beckstrom was required to follow the trial judge's directive to appear for trial, and his failure to do so served as a proper basis for a finding of criminal contempt. See *Britt*, 282 Ga. at 750-751 (2) (defense counsel properly found in contempt for refusing to obey order to proceed with motions hearing, even though counsel believed they had a conflict of interest that prevented them from proceeding); *Bo Fancy Productions v. Rabun County Bd. of Commrs.*, 267 Ga. 341, 346 (3) (478 SE2d 373) (1996) (trial court did not err in holding the defendants in contempt for violating an erroneously issued injunction).

---

[1] USCR 32.1 provides in part that "[t]he judge or designee shall prepare a trial calendar, shall deliver a copy thereof to the clerk of court, and shall give notice in person or by mail to each counsel of record[ ] . . . and the defendant at the last address indicated in court records, not less than 7 days before the trial date or dates."

The case of *In re Davis*, 265 Ga. App. 290 (593 SE2d 740) (2004), does not require a different result. In *Davis*, we reversed the finding of criminal contempt based on the defense counsel's failure to appear at trial, where it was undisputed that the trial court gave counsel *no notice* of the trial date. See id. at 292. Hence, defense counsel's failure to appear in *Davis* was not wilful. Beckstrom, in contrast, received prior notice of the trial date but then intentionally chose not to appear for trial because he believed the notice was inadequate. It follows that *Davis* is inapposite and provides no ground for reversal in this case.

2. Beckstrom next contends that he cannot be held in contempt because the letters and telephone call he received from the trial judge directing him to appear at trial were not enforceable orders. OCGA § 15-1-4 (a) (3) authorizes courts to inflict summary punishment for contempt in cases of "[d]isobedience or resistance by any officer of the courts, party, juror, witness, or other person or persons to any lawful writ, process, order, rule, decree, or command of the courts." However, only orders that have been reduced to writing, signed by the judge, and filed with the clerk can be enforced under OCGA § 15-1-4 (a) (3). See OCGA § 9-11-58 (b); *In re Smith*, 211 Ga. App. 493, 495 (1) (439 SE2d 725) (1993). See also *Shirley v. Abshire*, 288 Ga. App. 819, 820 (655 SE2d 694) (2007); *In re Tidwell,* 279 Ga. App. 734, 739 (1) (b) (632 SE2d 690) (2006). Neither the letters nor the telephone call met all three of these requirements, and so Beckstrom argues that the finding of contempt must be reversed.

We are unpersuaded. Significantly, attorneys are officers of the court, see *In re Willis*, 259 Ga. App. 5, 6 (1) (576 SE2d 22) (2002), and courts have broader contempt powers in cases of "[m]isbehavior of any of the officers of the courts in their official transactions" pursuant to OCGA § 15-1-4 (a) (2).

> If OCGA § 15-1-4 (a) (2) is construed to apply only to the disobedience by an officer of the court to a written order, this provision of our Code is rendered meaningless; it would be entirely duplicitous of the provisions of OCGA § 15-1-4 (a) (3) and therefore redundant. OCGA § 15-1-4 (a) (2) is intended to impose upon officers of the courts engaged in their official transactions a higher duty to the court than is demanded of the broader group of individuals listed in OCGA § 15-1-4 (a) (3) who are arguably subject to the contempt powers only for failure to comply with those commands of the court spread upon the record in written form. Surely the interrelationship between the court and its officers is of such a complex and on-going nature as to

render impractical any requirement that the court must render into a writing spread upon the record of the court any direction to an officer as a prerequisite to compelling obedience to its commands.

*In re Smith*, 211 Ga. App. at 495 (1). See *In re Irvin*, 171 Ga. App. 794, 796 (1) (321 SE2d 119) (1984), reversed in part on other grounds by 254 Ga. 251 (328 SE2d 215) (1985). Accordingly, Beckstrom was properly found in contempt under OCGA § 15-1-4 (a) (2) for his failure to comply with the trial judge's directive that he appear for trial, communicated to him in the two faxed letters and his telephone conversation with the judge. See *In re Smith*, 211 Ga. App. at 495-496 (1); *In re Irvin*, 171 Ga. App. at 796 (1). See also *In re Booker*, 195 Ga. App. 561, 563 (1) (394 SE2d 791) (1990) (noting that defense counsel committed direct contempt by failing to comply with the trial judge's directive, communicated to him over the telephone, to appear for trial at a certain time).

*Judgment affirmed. Andrews, J., concurs. Ruffin, P. J., concurs in judgment only.*

DECIDED NOVEMBER 13, 2008 —
RECONSIDERATION DENIED DECEMBER 11, 2008 —

*Ronald L. Beckstrom*, pro se.
*Denise D. Fachini, District Attorney*, for appellee.