A09A0198. HAYES v. THE STATE.
(680 SE2d 508)

ADAMS, Judge.

Carl Hayes pled guilty to one count of driving under the influence of alcohol per se, but the trial court later rejected the plea and vacated his sentence after determining that Hayes may have been under the influence of alcohol when he entered the plea. Hayes appeals from the trial court's order vacating the plea and sentence and holding him in contempt.

Hayes, who was represented by counsel, entered his negotiated plea on the morning of August 13, 2008. The trial court imposed a sentence consistent with the State's recommendation. Hayes' counsel left after sentencing, and Hayes went to meet with a probation

---

officer. The trial court later stated on the record that someone in the probation office had reported that alcohol was detected on Hayes' breath and Hayes was asked to submit to an alco-sensor test, which came back positive. Hayes admitted that he had two drinks at a bachelor party the night before, but said he had not had anything to drink that morning before coming to court. The State asked that Hayes be held in contempt. The trial judge, after expressing concern that Hayes' plea may not have been acceptable due to the influence of alcohol, remanded Hayes to the sheriff's custody for an Intoxilyzer test. Hayes was not represented by counsel during this exchange as the court had been unsuccessful in reaching his attorney.

When the parties went back on the record, the assistant solicitor-general reported that she had spoken with Hayes' attorney. She said that Hayes' counsel was shocked at the report of alcohol because the attorney had not detected any such odor when he met with Hayes that morning. The assistant solicitor-general reported that Hayes' attorney left the matter to the judge's discretion. She also reported that Hayes' Intoxilyzer test, administered at 12:28 p.m. had resulted in a reading of 0.035. The trial judge concluded that Hayes was not under the influence of alcohol at that time, but stated that he "could very well have been at the time he entered [his] plea." Consequently, the judge rejected Hayes' plea, vacated his sentence and ruled his bond insufficient. The judge also ruled that Hayes was in contempt and remanded him into custody. The trial court made a handwritten entry on Hayes' accusation stating, "Plea rejected by Court. Defendant under influence of alcohol at time of plea."

Although the judge indicated an intention to hold a hearing the next day in order to "be assured that [Hayes was] not under the influence of anything because [he] had been in our custody overnight and had not had the opportunity to consume alcohol," Hayes' attorney was unable to attend a hearing the following day. Instead Hayes remained in custody until the second day when Hayes' attorney could be present. The attorney announced that Hayes had decided not to enter a plea at that time and further that Hayes had already filed this appeal. His counsel asked for Hayes' release under his original bond. The court granted the request but added a number of new conditions and imposed $67.50 in court costs. Hayes' counsel subsequently filed an Emergency Motion for Supersedeas, which this Court granted. This Court also vacated the new bond order and directed the trial court to hold a hearing to determine "whether any previous bond is, in fact, insufficient." Hayes was ordered released instanter pending the bond hearing.

1. Hayes argues on appeal that the trial court erred in vacating his plea and sentence on the grounds that this action contradicted the court's earlier finding that the plea was freely and voluntarily

entered; that there was no evidence that he was under the influence of alcohol at the time he made the plea; and that his right to due process was violated when the trial court accepted the results of the Intoxilyzer test, without any showing of a proper foundation for such information.

But in a criminal case, the trial court has the inherent power to modify, suspend, or vacate a judgment through the end of the term in which the judgment is rendered. *Brown v. State*, 262 Ga. App. 659 (586 SE2d 343) (2003). This inherent power is a broad one granting courts plenary power to modify their judgments for meritorious purposes:

> Courts of record retain full control over orders and judgments during the term at which they were made, and, in the exercise of a sound discretion, may revise or vacate them. Such discretion will not be controlled unless manifestly abused. During the term of court at which a judgment is rendered the court has power, on its own motion, to vacate the same for irregularity, or because it was improvidently or inadvertently entered. . . . The power of the court, during the term, is described as plenary, to be used for the purpose of promoting justice, but the court's discretion, although broad, is not unbounded and should be exercised only upon sufficient cause shown. Hence, we have recognized that this inherent power should not be used unless some meritorious reason is given therefor.

(Citations and punctuation omitted.) *Buice v. State*, 272 Ga. 323, 324-325 (528 SE2d 788) (2000). It is left to the trial court's discretion to determine whether a meritorious reason exists for modifying or vacating a judgment, and this Court will not reverse that determination absent an abuse of discretion. Id. at 325.

"Before accepting a plea of guilty, the trial court has a duty to ascertain that the plea is made voluntarily and intelligently." (Citation and punctuation omitted.) *Reason v. State*, 259 Ga. App. 599 (1) (578 SE2d 199) (2003). The procedure a trial court must follow in weighing the voluntariness of a plea is set out in Uniform Superior Court Rule 33.7, which requires only that the trial court determine on the record that the plea is voluntary through inquiry of the prosecutor, the defense attorney and the defendant. It does not require proof beyond a reasonable doubt. Cf. *King v. Hawkins*, 266 Ga. 655, 656 (469 SE2d 30) (1996) (construing Uniform Superior Court Rule 33.9). This Court has also held that a trial court may also rely upon evidence outside of that presented at the plea hearing in determining whether to accept a plea. See *Bowers v. State*, 267 Ga.

App. 260, 261 (1) (599 SE2d 249) (2004) (trial court authorized to consider sentence report when determining whether factual basis existed for plea); *Bess v. State*, 235 Ga. App. 372, 374 (2) (508 SE2d 664) (1998) (judge entitled to rely upon his own recollection of facts established at bond hearing in determining same). We find, therefore, that in revisiting the voluntariness of the plea, the trial court was entitled to rely upon the informal report of the alco-sensor and Intoxilyzer results, without the requirement that a formal foundation be laid.

Here, although the court initially determined that Hayes' plea was voluntary, the court vacated the plea and sentence upon new information that Hayes may have been under the influence of alcohol at the time the plea was entered. The trial court thus vacated the plea and sentence to support the "meritorious purpose" of ensuring that the plea was made voluntarily and intelligently. *Cotten v. State*, 251 Ga. App. 628, 630 (555 SE2d 15) (2001). Based upon these circumstances, we find no abuse of discretion.

2. Hayes also asserts that the trial court erred in holding him in direct contempt. He argues that his actions in drinking the night before his plea hearing did not arise to the level of contumacious conduct or obstruction of justice. But even if these actions somehow arose to the level of contempt, he asserts it would be indirect contempt, which entitled him to notice and a reasonable time to prepare his defense. He also asserts that the trial court was not entitled to set aside Hayes' plea as punishment for contempt.

Hayes is correct that the procedure employed by a court in making a finding of contempt depends upon "whether the acts alleged to constitute the contempt are committed in the court's presence (direct contempt) or are committed out of the court's presence (indirect contempt)." (Footnote omitted.) *Ramirez v. State*, 279 Ga. 13, 14 (2) (608 SE2d 645) (2005). In the case of direct contempt, the court has the power to summarily determine punishment:

> If the contempt is direct, a trial court has the power, after affording the contemnor an opportunity to speak in his or her own behalf, to announce punishment summarily and without further notice or hearing. This summary power is authorized where contumacious conduct threatens a court's immediate ability to conduct its proceedings, such as where a witness refuses to testify, or a party disrupts the court.

(Punctuation and footnotes omitted.) Id. "Where misconduct occurs in open court, the affront to the court's dignity is more widely observed, justifying summary vindication." (Punctuation and foot-

note omitted.) Id. at 15 (2).

But summary adjudication is not appropriate in cases of indirect contempt. In such a case,

> due process requires that a person who is tried for indirect criminal contempt is entitled to "more normal adversary procedures." Among other things, he or she must be advised of charges, have a reasonable opportunity to respond to them, and be permitted the assistance of counsel and the right to call witnesses.

(Punctuation and footnotes omitted.) *Ramirez*, 279 Ga. at 15 (2).

Hayes attempts to characterize his actions as indirect contempt by asserting that the behavior targeted by the judge was his drinking the night before the plea hearing. But the trial court based its finding of contempt not on Hayes' action in drinking alcohol, but rather upon Hayes' possible appearance in court "with alcohol on [his] breath or under the influence of alcohol." That factor led the trial court to vacate Hayes' earlier plea, thus disrupting the court's ability to properly conduct the plea hearing in Hayes' case. And although the judge did not personally detect or observe evidence of alcohol on Hayes' person during the plea hearing, the action of Hayes appearing with alcohol in his system occurred, if at all, in the judge's presence in open court. We find, therefore, that any contempt would be direct, not indirect,[1] and thus subject to summary adjudication.

We also find, however, that the contempt in this case was criminal, not civil, in nature. *American Med. Security Group v. Parker*, 284 Ga. 102, 104 (5) (663 SE2d 697) (2008) ("[C]riminal contempt imposes unconditional punishment for prior acts of contumacy whereas civil contempt imposes conditional punishment as a means of coercing future compliance with a prior court order.") (punctuation and footnote omitted). And because "criminal contempt is a crime in the ordinary sense[,] . . . the evidence of the contempt must be beyond a reasonable doubt. Contempt is a drastic remedy which ought not to deprive one of her liberty unless it rests upon a firm and proper basis." (Citations and punctuation omitted.) *Salter v. Greene*, 226 Ga. App. 384, 385 (1) (486 SE2d 650) (1997). "The burden of establishing the fact of contempt is on the party asserting it." (Citation omitted.) *Martin v. Waters*, 151 Ga. App. 149, 150 (2) (259 SE2d 153) (1979).

This case is unusual in that it involves a question of direct

---

[1] Compare *Moody v. State*, 131 Ga. App. 355, 357 (1) (206 SE2d 79) (1974) (defendant, who was brought to court by law enforcement officers and not on her own volition, was not subject to contempt merely for appearing there in a drunken condition).

criminal contempt occurring in open court in the judge's presence but without the judge's direct knowledge or observation. The State, therefore, bore the burden of producing sufficient evidence to establish contempt beyond a reasonable doubt, but it failed to carry that burden. The record here contains only the judge's statement that some unidentified probation officer reported smelling alcohol on Hayes' person and that Hayes had failed an alco-sensor test and the prosecutor's statement that the Intoxilyzer printout showed that Hayes registered 0.035. Although we have held that such evidence was sufficient to support the trial court's exercise of its inherent power to vacate Hayes' guilty plea and sentence, we find that it was insufficient to establish contempt beyond a reasonable doubt. Accordingly, we reverse the portion of the judge's order finding Hayes in contempt.[2]

*Judgment affirmed in part and reversed in part. Doyle, J., concurs. Blackburn, P. J., concurs in the judgment only.*

DECIDED JUNE 17, 2009.

*Gary W. Jones*, for appellant.
*Leslie C. Abernathy, Solicitor-General*, for appellee.

---

[2] Hayes argues that the wording of the order, as drafted by the State, rendered the finding of contempt and the decision to vacate the plea and sentence inextricably bound. We find no merit to that argument. Because the trial court had the inherent power to vacate the plea and sentence, with or without a finding of contempt, our reversal on contempt does not affect that vacatur.