McFADDEN, Presiding Judge,
dissenting.
The evidence does not support the juvenile court’s finding that Haley Weaver was in criminal contempt during a judicial review hearing, so I respectfully dissent from Division 1 of the majority opinion. I would not reach the matters addressed in Division 2.
*472 Juvenile courts are authorized to “punish an adult for contempt of court. . . for obstructing or interfering with the proceedings of the court[.]” OCGA § 15-11-31 (a). I would not condone coming to court impaired. But the record before us does not support a finding that Weaver “obstructed] or interfer[ed] with the proceedings.”
“Criminal contempt is a crime in the ordinary sense and the evidence of the contempt must be beyond a reasonable doubt. Contempt is a drastic remedy which ought not to deprive one of her liberty unless it rests upon a firm and proper basis.” In re Harris, 289 Ga. App. 334, 336 (1) (657 SE2d 259) (2008) (citations and punctuation omitted). “On appeal of a criminal contempt conviction the appropriate standard of appellate review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” In re Beckstrom, 295 Ga. App. 179 (671 SE2d 215) (2008) (punctuation omitted).
The hearing at issue was brief. On January 26, 2016, Weaver appeared with her attorney Counsel for the Department of Family and Children Services (the “Department”) tendered a proposed case plan to which all had consented. Counsel for the children’s father asked that his petition to legitimate be granted. Through her counsel, Weaver consented; and the trial court granted it. The parties then reported that they had nothing further.
At that point the court asked the Department’s attorney about the dispositional report, including the indication that Weaver had not submitted to a drug screen. The Department’s attorney responded, focusing on the issue of the mother’s engagement with the children, but also stating that the Department had not been able to reach the mother for a drug screening and that it was going to ask Weaver to take a screen that day Asked to respond, Weaver’s counsel followed the lead of the Department’s counsel and addressed engagement and visitation with the children.
The judge then addressed Weaver directly. He asked if she was willing to agree to the Department’s request for a drug screen that day Weaver replied, “Yes, sir.” The judge ordered Weaver not to leave the courtroom until the screener was ready to take her for the drug screening. He again addressed her, rather than her counsel, and asked if she understood. Weaver again replied, ‘Yes, sir.” Thereafter, the judge ordered Weaver to go with the screener. After the screening was completed, the parties returned to the courtroom and the screener announced the results were “non-negatives for oxy, opiates, THC, amphetamines, and methamphetamines.”
The judge asked Weaver if she wished to be heard, and her counsel answered on her behalf, stating that she was not in a position *473 to dispute the results, that she had admitted using marijuana and pain pills in the past few weeks, but that she could not explain the methamphetamine. Despite counsel’s response on his client’s behalf, the juvenile court judge again asked Weaver directly if she would like to explain the results. She replied, “No, thank you.”
The judge then announced his finding that she was in contempt and ordered that she be immediately taken into custody The judge stated that his reason for the contempt ruling was that she was in an impaired condition which limited her ability “to communicate effectively with your attorney so that he can represent what your wishes really are,” and that she had thereby impeded the court’s ability to do business.
Weaver’s counsel asked the judge to reconsider the ruling, stating in his place that she had been able to articulate her wishes to him and to participate in the case. The judge responded to counsel’s request by again addressing Weaver directly, “All right. Ma’am, you’re in the custody of the sheriff.” The judge then ordered the case continued until February 2, 2016. The day after the review hearing, the juvenile judge entered a written contempt order finding, on the basis of his “observation of her demeanor and the test results” that Weaver had been impaired and that her impairment “rendered] her unable to proceed, making it impossible for the [cjourt to conduct the scheduled hearing, which was then continued due to her impairment.” The court concluded that “[h]er conduct thus falls under OCGA [§] 15-11-31 (a) in that she interfered with the proceedings of the court.”
Weaver did not attend the continued hearing on February 2, 2016, and her attorney waived her presence. The judge issued a judicial review order, adopting in full the case plan that the parties had agreed to and that had been tendered at the outset of the January 26 hearing.
As noted above, OCGA § 15-11-31 (a) authorizes juvenile courts to impose contempt sanctions upon an adult “for obstructing or interfering with the proceedings of the court [.] ” Contrary to the juvenile court’s findings in this case, there is no evidence that Weaver obstructed or interfered with the review hearing. On the contrary, the record plainly shows that she was present and fully participated in the hearing through her attorney. While the drug screen showed the presence of some unspecified level of certain drugs in her body, and while we must credit the court’s finding that some signs of impairment could be discerned from observation of her demeanor, there is no evidence that Weaver was impaired to the extent that she somehow interfered with the proceedings. Her counsel stated in her place that she had been able to assist him. So the mere presence of some *474 unidentified level of drugs in Weaver’s body “was insufficient to establish contempt beyond a reasonable doubt.” Hayes v. State, 298 Ga. App. 419, 424 (2) (680 SE2d 508) (2009) (finding that evidence that defendant appeared in court smelling of alcohol and with alcohol in his system was insufficient to establish contempt beyond a reasonable doubt). See also Moody v. State, 131 Ga. App. 355, 357-358 (1) (206 SE2d 79) (1974) (defendant, who was brought to court by law enforcement officers and not on her own volition, was not subject to contempt merely for appearing there in a drunken condition).
Decided March 2, 2017.
Conowal Welch Womack, Thomas D. Womack, for appellants.
Samuel S. Olens, Attorney General, Dennis R. Dunn, Deputy Attorney General, Shalen S. Nelson, Calandra A. Harps, Senior Assistant Attorneys General, Richard W. Highsmith, Assistant Attorney General, for appellee.
The January 26 hearing was continued, not because of Weaver’s condition, but because the judge chose to incarcerate her even though she had in no way interfered with the proceedings. Unlike in Hayes, supra, where the possibility of impairment “led the trial court to vacate Hayes’ earlier plea,” Hayes, 298 Ga. App. at 423 (2), nothing compelled the trial court to continue the hearing. Indeed, when she did not appear at the continued hearing, the court simply proceeded in her absence and adopted the case plan agreed to by the parties at the start of the original hearing.
Because there is no evidence that Weaver interfered with the court, the judgment of contempt should be reversed.