**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 25, 2024**

# In the Court of Appeals of Georgia

A24A1052. IN RE VICTOR OGBUEHI.

WATKINS, Judge.

Attorney Victor Ogbuehi was summarily found in contempt of court for appearing late to a trial calendar.[1] He was incarcerated and ordered to pay a fine.[2] Ogbuehi appeals from the contempt order, contending that the trial court violated his due process rights by summarily finding him in contempt. For the reasons that follow, we affirm.

On appeal of a criminal contempt conviction the appropriate standard of appellate review is whether, after viewing the evidence in the

---

[1] Appellant's last name was incorrectly spelled as "Ogbuchi" in the contempt order.

[2] This Court granted an emergency supersedeas to stay payment of the fine pending this appeal.

light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Criminal contempt is that which involves some disrespectful or contumacious conduct toward the court. Contempt of court has been variously defined; in its broad sense it means disregard for or disobedience of the order or command of the court.[3]

"Criminal and civil contempt differ in that criminal contempt imposes unconditional punishment for prior acts of contumacy, whereas civil contempt imposes conditional punishment as a means of coercing future compliance with a prior court order."[4]

Here, the record shows that a case for which Ogbuehi was trial counsel appeared on a trial calendar for the morning of December 21, 2023. Ogbuehi and his client were supposed to appear in court at 8:15 a.m. to resolve motions prior to starting the jury trial at 8:30 a.m., but by 8:45 a.m. neither of them was in the courtroom. In response to this tardiness, the trial court judge stated: "I'm going to go back and tell the jury [members] they can go home. They will be happy. You will be happy. I'm the only one not happy. I'm very unhappy."

---

[3] (Citation omitted.) *In re Mauldin*, 242 Ga. App. 350, 351 (1) (529 SE2d 653) (2000).

[4] (Citation and punctuation omitted.) *Collins v. State*, 363 Ga. App. 577, 579 (871 SE2d 676) (2022).

By 9:00 a.m., Ogbuehi was in the courtroom without his client. The trial judge informed Ogbuehi that the jury had been sent home and further stated: "We don't run this courtroom just for your benefit to come in here when you want to. You and your client should have been here at 8:15 because we had motions to take care of. And neither you or your client was there, and didn't call the clerk or anybody." Ogbuehi responded that he had been waiting in the parking lot for his client because Ogbuehi could not bring his cell phone into the courtroom. Ogbuehi admitted that he had his cell phone with him in the parking lot, but nonetheless did not call anyone to explain his tardiness. The trial judge found Ogbuehi's actions to be "disrespectful to the [c]ourt[,]" and announced that he was holding Ogbuehi in contempt of court. The trial judge ordered Ogbuehi to serve the weekend in jail and to pay a $500 fine. The trial judge then told Ogbuehi that he would listen to anything Ogbuehi had to say, but Ogbuehi did not say anything else in defense of himself.

The following morning, Ogbuehi moved to set aside the judgment, but the trial court did not rule on this motion. After completing a truncated incarceration, Ogbuehi filed a notice of appeal, and, in addition, moved for a supersedeas order staying

payment of the fine pending resolution of the appeal. The trial court and this Court granted a supersedeas order on the same day.

Ogbuehi contends that the trial court violated his due process rights by summarily holding him in contempt. We disagree.

As our Supreme Court has explained,

[t]he procedures that a trial court must follow to hold a person in contempt depend upon whether the acts alleged to constitute the contempt are committed in the court's presence (direct contempt) or are committed out of the court's presence (indirect contempt). If the contempt is direct, a trial court has the power, after affording the contemnor an opportunity to speak in his or her own behalf, to announce punishment summarily and without further notice or hearing. This summary power is authorized where contumacious conduct threatens a court's immediate ability to conduct its proceedings, such as where a witness refuses to testify, or a party disrupts the court. Direct contempts in the presence of the court traditionally have been subject to summary adjudication, to maintain order in the courtroom and the integrity of the trial process in the face of an actual obstruction of justice. In direct contempt proceedings, in light of the court's substantial interest in rapidly coercing compliance and restoring order, and because the contempt's occurrence before the court reduces the need for extensive factfinding and the likelihood of an erroneous deprivation, summary proceedings have been tolerated.

As for determining whether an alleged contumacious act was committed in the "presence" of the court for the purpose of imposing summary punishment, the Supreme Court [of the United States] has stressed the importance of confining summary contempt orders to misconduct occurring in court. Where misconduct occurs in open court, the affront to the court's dignity is more widely observed, justifying summary vindication. In this regard, although OCGA § 15-1-4 (a) (1) provides that a court may impose summary punishment for alleged contemptuous conduct committed so near to the presence of the court as to obstruct the administration of justice, the Court of Appeals of Georgia has properly held that this statement must yield to the fundamental constitutional right to due process of law. Thus, typically, an alleged contumacious act may only be said to have occurred in the presence of the court, warranting summary contempt proceedings, if the act was committed in open court.[5]

In cases of indirect contempt, which Ogbuehi contends happened here,

summary adjudication . . . is prohibited, and due process requires that a person who is tried for indirect criminal contempt is entitled to more normal adversary procedures. Thus, a defendant charged with [indirect] criminal contempt must, inter alia, be advised of charges, have a

---

[5] (Citations, punctuation, and footnote omitted.) *Ramirez v. State*, 279 Ga. 13, 14–15 (2) (608 SE2d 645) (2005).

reasonable opportunity to respond to them, and be permitted the assistance of counsel and the right to call witnesses.[6]

This Court has held multiple times that arriving late to court can support a finding of direct contempt.[7] Accordingly, the trial court did not err in failing to afford Ogbuehi additional due process.[8]

Ogbuehi argues that the record does not establish what order he violated, when the trial court issued the order, whether the order was sufficiently definite, whether the order was directed to him, or whether he was able to comply. These arguments were not raised by Ogbuehi in open court or in his motion to set aside; instead, Ogbuehi said in open court that he was late because he was waiting for his client in the

---

[6] (Citations and punctuation omitted.) *Moton v. State*, 332 Ga. App. 300, 302 (772 SE2d 393) (2015).

[7] See e.g., *In re Davis*, 265 Ga. App. 290, 291 (593 SE2d 740) (2004); *In re Omole*, 258 Ga. App. 725, 727 (1) (574 SE2d 912) (2002); see also *In re Beckstrom*, 295 Ga. App. 179, 179–81 (671 SE2d 215) (2008) (physical precedent only); *In re Booker*, 195 Ga. App. 561, 563 (1) (394 SE2d 791) (1990) (division physical precedent only).

[8] Although this Court held on one occasion in *Thomas v. State*, 174 Ga. App. 476 (330 SE2d 412) (1985) that a failure to timely appear for a calendar constituted indirect contempt, our subsequent cases implicitly overruled that holding. Moreover, *Thomas* is not binding on our analysis as the case is physical precedent only. Georgia Court of Appeals Rule 33.2 (a) (2).

parking lot, and he argued in his motion to set aside that his conduct constituted indirect contempt. Given that "[n]one of these arguments were raised in the trial court, and it is well established that this Court cannot hear arguments raised for the first time on appeal[,]"[9] Ogbuehi cannot now attack the sufficiency of the evidence for finding him in contempt.

*Judgment affirmed. Doyle, P. J., and Hodges, J., concur.*

---

[9] (Citation and punctuation omitted.) *Cousin v. Tubbs*, 358 Ga. App. 722, 726 (2) (856 SE2d 56) (2021).